## TEXAS PORTLAND CEMENT CO. v. CARSEY. (No. 3518.)

Court of Civil Appeals of Texas. Texarkana. Feb. 16, 1928.

1. Corporations ⊗⟳503(2)—Suits against private corporations are local to place where cause of action "or part thereof" arose (Rev. St. 1925, art. 1995, § 23).

Under Rev. St. 1925, art. 1995, § 23, suits against private corporations are expressly made local to place where cause of action or part thereof arose, although corporation may not be domiciled therein; phrase "or part thereof" having effect to divide cause of action and permit trial to be where any portion of cause arises.

2. Corporations ⊗⟳503(2)—Venue of suit against private corporation for breach of implied warranty could be in county where primary right arose or where wrongful act was committed (Rev. St. 1925 art. 1995, § 23).

Venue in action against private corporation for breach of implied warranty in sale of cement might be under Rev. St. 1925, art. 1995, § 23, in county in which plaintiff's primary right arose or in county in which defendant's wrongful act was done.

3. Appeal and error ⊗⟳1024(3)—Finding that there was privity of contract between parties as regards venue, supported by evidence, is binding on appeal.

In action by buyer of cement against seller corporation for breach of implied warranty, on appeal from order overruling defendant's plea of privilege to be sued in county of its legal domicile, finding that there was privity of contract between buyer and seller and that contract was made in county of venue, being supported by evidence, is conclusive.

4. Corporations ⊗⟳503(1)—In determining venue trial court could assume cause of action was of character petition purported to state (Rev. St. 1925, art. 1995, § 23).

In action by buyer of cement against seller corporation for breach of implied warranty, and in which defendant filed plea of privilege to be sued in county of its legal domicile, in determining defendant's rights to place of trial in accordance with Rev. St. 1925, art. 1995, § 23, trial court could assume that cause of action was of character petition purported to state, and could not decide issues in nature of defense which might arise on demurrer or in trial on merits.

5. Pleading ⊗⟳111—Only question in plea of privilege is whether defendant is entitled to trial in another county.

Only question raised in a plea of privilege is whether defendant is entitled on evidence on motion to a trial in another county.

Appeal from District Court, Hunt County; Grover Sellers, Judge.

Action by J. C. Carsey against the Texas Portland Cement Company. Defendant's plea of privilege was overruled, and it appeals. Affirmed.

The appellant's plea of privilege to be sued in the county of its legal domicile was overruled, and the appeal is to revise the ruling. The appellee, a resident of Hunt county, brought the suit in the district court of Hunt county, against the appellant, a private corporation whose legal domicile is in Dallas county.

The original petition states primarily a suit for special damages for breach of implied warranty, in oral contract of sale and purchase, of the particular variety of high grade cement. The cement was delivered and the purchase price paid. After delivery, the cement was used by the plaintiff in erecting the improvements contemplated to be made. The inferiority of the grade was not discovered until after the improvements were built. The cement delivered was of another and inferior grade than that contracted for, and, as alleged, "was unfit for use, either as a constituent of mortar or concrete." The petition specially sets up that:

"The defendant became aware of the fact that the plaintiff was in need of a large amount of cement, and caused its agent, Joe Morgan, to begin negotiations with the plaintiff and his

agent, Eben Carsey, looking to the furnishing by the plaintiff of the cement necessary to be used in said improvements (which was to be erected by the plaintiff); that, after a satisfactory price for the cement desired by the plaintiff had been agreed upon between plaintiff's said agent and the defendant's said agent, Joe Morgan, it was explained to the plaintiff's agent that, under the rules for the transaction of its business, the defendant could not sell and ship the cement desired direct to the plaintiff, but that the same could be shipped through a dealer in Greenville and furnished by the defendant through such dealer, allowing the dealer the usual 10 per cent. discount in such cases; that it was therefore agreed by and between the plaintiff and the defendant, through their agents as aforesaid, that the plaintiff would purchase and the defendant would sell the cement necessary to be used in the construction of improvements aforesaid at the rate of $2.91 per barrel, and from which price the dealer would be entitled to receive 10 per cent. as the dealer's discount for the use of the dealer's name and services in the premises."

As further set up in the petition:

"The contract for the sale of said cement was entered into by and between the agents of the plaintiff and the defendant, each duly authorized, in the city of Greenville, Hunt county, Tex.; that under said contract the cement aforesaid was to be delivered at Greenville, Tex., to the plaintiff through Moore Bros. Lumber Company as above alleged; that said contract arose, and was in fact performed, in Hunt county," etc.

In reference to venue, the defendant duly filed, under oath, a pleading specially denying that any contract was made in Hunt county, or that any part of the contract arose in Hunt county, and further setting up particularly, briefly stated, the manner of conducting its business; that it was a corporation exclusively engaged in the manufacture and wholesale distribution of cement direct from its factory at Dallas, Tex.; that the Moore Bros. Lumber Company was engaged as a retail dealer of building supplies in Greenville, Tex., and that said company on frequent occasions has purchased cement from the defendant for retail sale, and the defendant had sold to it cement only at wholesale prices with the usual and customary discount; that the cement in the particular instance was so purchased by the Moore Bros. Lumber Company; and that it was thereafter directly sold by such company in the usual course of retail trade. The plaintiff made due reply to such plea.

Coke & Coke, of Dallas, for appellant.
Clark, Harrell & Starnes, of Greenville, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The appeal is predicated upon the contention that the defendant is entitled to have the question of whether it was liable on the claim which the plaintiff was asserting against it tried in another county. Clearly so, unless the suit was, as found by the trial court, within the special class of cases provided in section 23 of article 1995, R. S.; section 23 reading:

"Suits against a private corporation, * * * may be brought in any county in which the cause of action, or a part thereof, arose."

[3] In this section suits against a private corporation are expressly made local to the place where the "cause," either as a whole or "a part thereof," arose, although the defendant corporation may not have its domicile therein. The added phrase, "or a part thereof," has the effect, for the purpose of the venue, to divide the cause of action and permit the trial to be where any portion of the cause has arisen; otherwise the phrase would be without meaning and effect. The venue might be in the county in which the plaintiff's primary right arose, or it might also be in the county in which the defendant's wrongful act was done. The petition of the appellee states primarily a suit for special damages for alleged breach of warranty as to quality or grade of cement shipped. The contract of sale was an executed one, and the price paid. It was alleged that the wrongful act of the defendant and the special damages sued for occurred at place of destination of shipment, in Greenville, Hunt county, where the suit was brought.

The grounds of objection by the defendant are, in substance, that there was no privity of contract between the plaintiff and the defendant, and that there was no cause for suit in Hunt county or any county. It is claimed that the evidence, as well as pleading, goes conclusively to show the contract of defendant to sell the cement was directly and solely with Moore Bros. Lumber Company, local dealers in Greenville. There is strong evidence tending to establish such fact. But since there is evidence in behalf of the plaintiff having the effect to show a contract with defendant through agency, supporting the trial court's conclusion, it is not for this court to weigh the same, and we are bound to hold that this phase of the case, for the purposes of the appeal, has been sufficiently established with reference to venue.

The pleading and evidence of the plaintiff is to the effect that the contract of sale was in fact, in purpose and intent, made between the plaintiff and defendant, using merely the name of Moore Bros. Lumber Company, and paying such company for its services. It is unnecessary to go into the details of the arrangement, since it may not be determined as a pure matter of law that the arrangement or transaction testified about with Moore Bros. Lumber Company for the sale of the cement at a stipulated price, with discount, in inward meaning, purpose, and intent, did not clothe Moore Bros. Lumber

Company with the authority of a special agent to effect the sale and make delivery for defendant. And there is evidence tending to show that under such arrangement the agreement to furnish and to accept and use the cement was made in Greenville. As testified by appellee, the delivery was to be in Greenville, and he paid the price there; the Moore Bros. Lumber Company receiving the price and paying the freight for the defendant. Joe Morgan, who, it was claimed, negotiated the sale and brought about the arrangement and transaction and agreement, was the authorized salesman of the defendant. It is further made to reasonably appear that the alleged wrongful act sued upon and the damages all occurred in Greenville.

[4, 5] The objection that there was no contract or privity of contract relates to the right of the plaintiff to recover at all. In determining the defendant's rights to the place of trial, in accordance with the venue statute, the trial court, in acting on such motion, may assume that the cause of action is of the character the petition purports to state, and cannot decide issues in the nature of defense that might arise later upon demurrer or in trial of the merits. Beaumont Cotton Oil Mill Co. v. Hester (Tex. Civ. App.) 210 S. W. 702. It is sufficient if there is evidence going to show a cause of action, or a part thereof, in the particular county. In a plea of privilege, the only question raised is whether the defendant is entitled, upon the evidence on the motion, to a trial in another county. The present case is not entirely unlike that of Pittman & Harrison Co. v. Boatenhamer (Tex. Civ. App.) 210 S. W. 972.

The judgment is affirmed.