## MERCANTILE SECURITIES CO. et al. v. TAYLOR.

### No. 12808.

Court of Civil Appeals of Texas. Fort Worth. April 15, 1933.

Bartlett, Thornton & Montgomery, of Dallas, for appellants.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellee.

DUNKLIN, Justice.

This appeal is from an order of the district court overruling a plea of privilege urged by the Mercantile Securities Corporation and Garrett & Co., two of three defendants in the trial court, the other of whom was the Southwest Investment Company.

In his petition, James T. Taylor, plaintiff, alleged that all of the defendants were duly incorporated under the laws of the state of Texas, and that the Mercantile Securities Corporation had its office and principal place of business in the city of Dallas, Dallas county; that Garrett & Co. had an office and place of business in Dallas; and that the defendant Southwest Investment Company had an office and place of business in the city of Austin, Travis county. Appellants pleaded their privilege to be sued in Dallas county.

Plaintiff's suit was based upon allegations that during the month of December, 1930, he entered into a contract with the commissioners' court of Young county to furnish labor and materials for the building of a courthouse for Young county in the city of Graham, and in consideration therefor Young county, through its commissioners' court, agreed to execute and deliver to him county warrants of Young county, aggregating the sum of $300,000, to be delivered to plaintiff as the work progressed.

The pleadings of plaintiff and testimony introduced in support thereof were to the effect that on May 15, 1931, P. B. or Jack Garrett, who was the duly authorized agent and representative of all the defendants, visited the office of plaintiff in Fort Worth and there made an offer to purchase the warrants from him, which was accepted, and thereupon a draft of the contract so made was reduced to writing and signed by Garrett as the agent of the defendants; and another copy of the same draft was signed by Taylor; but Taylor desired his son-in-law, Todd, to look over the draft "to see whether or not the verbiage correctly expressed the trade that had been made," and Garrett expressed a desire that the contract be signed by the defendants to remove any question of his authority to sign for them. Garrett then

returned to Dallas. Mr. Todd, after looking over the draft submitted to him by the plaintiff, made some few changes in its verbiage. The contract was redrawn with those changes made and signed by plaintiff in Fort Worth and forwarded by mail to Garrett in Dallas, with the request that he (Garrett) sign it in behalf of all the purchasers and that his authority be confirmed by the defendants. That contract was in the form of a letter addressed to the plaintiff in Fort Worth, Tex., dated Dallas, Tex., May 15, 1931, and signed as follows:

"Mercantile Securities Co. of Dallas,
   "[Signed] Fred R. Deaton, V. P.
"Southwest Investment Co. of Austin,
   "[Signed] J. T. Bowman.
"Garrett & Company of Dallas,
   "[Signed] By P. B. Garrett."
And below those signatures was this:
"Accepted this 18th day of May, 1931.
         "[Signed] James T. Taylor."

And the same was a verbatim copy of the original draft of the contract theretofore made with Garrett for and in behalf of defendants and executed in Fort Worth, with the exception of certain minor changes in verbiage which did not alter the legal import of the original draft in any substantial respect; and that is the contract upon which plaintiff's suit was based. It stipulated that the defendants would purchase the Young county warrants at the rate of $980 plus accrued interest for each $1,000 warrant. It also contained this provision: "It is further understood that this contract is subject to decision of the Supreme Court of Texas on the suit now pending involving these warrants, in favor of said warrants and that at the time you notify us of your intention to proceed, we will place in escrow in the Fort Worth National Bank either a cashier's check or securities agreeable to you, in the sum of $10,000.00 to be held uncashed as good faith deposit to guarantee that we will carry out the terms of this contract, and to be considered as full and complete liquidated damages in the event we fail or refuse to complete this contract."

Subdivision 23 of article 1995, Rev. Statutes, which is an exception to the general provisions of the same article that no person shall be sued out of the county in which he has his domicile, provides that: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose. * * *"

■■ It is well settled by the decisions of this state that since a contract upon which a suit is based is a part of the cause of action for damages for its breach, the county in which it is consummated is material in the determination of whether or not venue is properly laid under the subdivision of the statute; and many decisions might be cited holding that when, through the medium of correspondence, wire, or telephone, an offer is made by a person in one county to a person in another county and is accepted by the latter, then the contract is deemed to have been made in the county where the offer is accepted; and by reason thereof venue of suit may be laid in that county, but not in the county where the offer originated. See Texas Farm Bureau Cotton Ass'n v. Lennox (Tex. Civ. App.) 257 S. W. 935; Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co. (Tex. Civ. App.) 220 S. W. 394; Early-Foster Co. v. A. P. Moore's Sons (Tex. Civ. App.) 230 S. W. 787.

■ It is our conclusion that the contract made by Garrett in Fort Worth, for and in behalf of defendants to purchase the warrants and whose authority to bind them thereby was not questioned, constituted a part of plaintiff's cause of action which arose in Tarrant county where the suit was instituted, since the contract thereafter executed by the defendants in Dallas was in effect but a ratification of the one already made by Garrett in Fort Worth. Lummus Cotton Gin Sales Co. v. Mills (Tex. Civ. App.) 233 S. W. 126; Diamond Mill Co. v. Adams-Childers Co. (Tex. Civ. App.) 217 S. W. 176; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co. (Tex. Civ. App.) 203 S. W. 79; Dallas Waste Mills v. Early-Foster Co. (Tex. Civ. App.) 218 S. W. 515.

■ In one count in plaintiff's petition a recovery was sought for the sum of $40,000 as the amount due on the defendant's contract to purchase the warrants for the price agreed on. In another alternative count, and in the event only should it be held that plaintiff could not recover on the first count mentioned above, judgment was sought for $10,000 as the amount of good-faith deposit which the contract stipulated defendants would make in the Fort Worth National Bank in the city of Fort Worth as a guaranty that defendants would purchase the warrants at the agreed price, and as liquidated damages for the breach of the contract to purchase the warrants. And venue of the suit for those damages was properly laid in Tarrant county, under subdivision 5 of article 1995, Rev. Statutes, which reads: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

For the reasons stated, all assignments of error are overruled, and the judgment of the trial court is affirmed.