## PRICE v. DOUGHTY.

### No. 14137.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 15, 1940.

Tatum & Tatum, of Dalhart, and Vance Huff, of Amarillo, for appellant.

Shropshire & Bankhead, of Weatherford, for appellee.

DUNKLIN, Chief Justice.

This is an appeal by L. M. Price from an order of the County Court of Parker County overruling his plea of privilege in a suit instituted against him by Lloyd Doughty.

In plaintiff's petition it was alleged that plaintiff resides in Parker County and defendant resides in Sherman County. Plaintiff sought a recovery of damages for alleged breach of defendant's contract in writing to lease to plaintiff a section of land situated in Hartley and Moore Counties, in failing to deliver possession of the leased land at the time possession was due plaintiff under terms of the contract.

The contract was evidenced by correspondence as follows:

"Weatherford, Texas
"November 5, 1937

"Mr. L. M. Price
"First State Bank of Stratford
"Stratford, Texas
"Dear Mr. Price:

"October 12, I wrote you a letter offering to rent your section of land No. 290 Block 44 H & TC Railway survey and located on the line and partly in Hartley County and partly in Moore County. On October 21, you answered my above mentioned letter that you would not rent to me for the offer made in my letter of October 12, thereby cancelling my offer in my said letter of October 12.

"In your said letter of October 21, you intimated that you would consider renting the section to me for $320.00 for the year of 1938 and for me to keep all the government money, if any.

"I cannot see my way clear to give this much rent in advance for the section of land due to the bad condition same is now in and due to the uncertainty of crops—uncertain as to weather elements and also uncertain as to possibility of next years grass-hopper infestation, which is a very serious matter, in my judgment; however, I have decided to and hereby do make you another offer. I will give you $300.00 cash in advance for the use of said section for the year 1938 for farming and grazing purposes and me to retain and collect all government money, if any.

"I inclose herein my M. & F. Check of even date herewith for $300.00, payable to your order and if you care to accept this

last proposition, kindly sign one copy of the two inclosed copies of this letter and attach one copy to the check, thereby showing that you have accepted the $300.00 cash in advance lease on said section of land for the year 1938 for farming and grazing purposes and me to retain all government money, if any.

"You realize that I might plant all or part of this section in feed stuffs and that it might not be worth gathering, but I would want the privilege of grazing the land, hence I lease this section of land for farming and grazing purposes.

"If you do not care to accept this offer, kindly return my inclosed check and I will not feel at all disappointed as none of us know what next year will be.

"Very truly yours, Lloyd Doughty.

"I accept the above offer, L. M. Price."

Then follow allegations of facts to show measure of damages claimed.

The check therein referred to was drawn on the Merchants' & Farmers' State Bank, doing business in Weatherford, where it was paid when presented by defendant with his endorsement thereon.

In due time defendant filed his plea of privilege to be sued in Sherman County. He alleged that he now resides in that county, which was the county of his residence at the time the suit was instituted and when citation was served upon him to answer it; and that no exception to the exclusive venue in the county of one's residence provided by law exists in this suit against him. The plea was duly verified and filed, all in accordance with statutory requirements.

Plaintiff filed his controverting affidavit, in reply to that plea of privilege, in which the contract made the basis of his suit and defendant's breach thereof was alleged and the payment of the $300 stipulated therein through the bank in Weatherford, with these further allegations:

"* * * that said contract was executed at Weatherford, in Parker County, Texas, and all matters and rights arising thereunder are subject to the jurisdiction of the County Court of Parker County, Texas, where said contract was made; that said cash consideration of $300.00 was to be paid in Parker County, Texas, through The Merchants & Farmers State Bank of Weatherford, Texas, and said consideration was in fact paid through said bank in Parker County, at Weatherford, Texas, and by reason of such payment being so made in Parker County, Texas, through said bank, at Weatherford, Texas, this suit was properly brought in the County Court of Parker County, Texas. Plaintiff refers to his original petition for better statement of his cause of action.

"This honorable court has venue of this suit, because said consideration of $300.00 was paid to said defendant, L. M. Price, in Parker County, Texas, through The Merchants & Farmers State Bank of Weatherford, Texas."

On the hearing of the plea of privilege and plaintiff's controverting affidavit, plaintiff's letter to the defendant, with the latter's written acceptance of the offer therein contained, and plaintiff's bank check in favor of defendant, duly paid, were introduced in evidence; together with the following written agreement of the parties, duly filed, to-wit:

"It is hereby agreed and stipulated between the plaintiff and defendant that the defendant, L. M. Price, was a resident of Sherman County, Texas, on the date of the filing of this suit, on the date of the issuance of citation herein, on the date of the service of said citation and on the date of the filing of his plea of privilege herein.

"It is further agreed that the defendant, L. M. Price, was a resident of Sherman County, Texas, on November 5, 1937, and up to the date that he received the two copies of the letter dated November 5, 1937, signed and mailed by plaintiff at Weatherford, Texas, to the defendant at Stratford, Texas, and continued such residence up to the date of the hearing on said plea of privilege. That the envelope contained the two copies of the letter and the check or draft for $300.00 signed by the plaintiff, drawn on the Merchants & Farmers State Bank of Weatherford, representing the consideration paid by plaintiff to the defendant for the use of the land described in plaintiff's petition for the year 1938. That defendant signed one copy of the letter received by him from plaintiff and endorsed the check or draft for $300.00 and returned the same for collection and payment through regular banking channels to Weatherford, Texas, and said check was paid by the bank on which it was so drawn, the defendant received the proceeds thereof through said banking channels."

Article 1995, Vernon's Texas Civil Statutes, reads:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"5.. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The exception No. 5 of the article was enacted in 1935, as an amendment of the former exception No. 5. Section 3 of the Act is an emergency clause making the Act effective immediately after passage, because of "the unsettled state of the law as to the contract clause of the Venue Statute", Acts 1935, c. 213, which had reference to prior decisions of our appellate courts construing the exception.

Since that amendment was enacted, many decisions have been rendered in which it was held that the benefits of that exception cannot be claimed unless the contract sought to be enforced is within the strict letter of the exception; only a few of which will be cited: Hamilton v. Booher, Tex.Civ.App., 124 S.W.2d 184; Ferguson v. Sanders, Tex.Civ.App., 133 S.W.2d 806; Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627; Quinn v. Home Owners' Loan Corporation, Tex.Civ.App., 125 S.W.2d 1063; Farmers Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; 43 Tex.Jur. para. 13, page 721, para. 15, page 726, para. 17, page 728, and decisions there cited.

The contract was consummated in Sherman County, when defendant accepted plaintiff's offer embodied in his letter, and not in Parker County, where the offer originated. Mercantile Securities Co. v. Taylor, Tex.Civ.App., 60 S.W.2d 1059, and decisions there cited; 43 Tex.Jur. para. 14, page 723.

Manifestly defendant's contract to deliver to plaintiff possession of the land in question at the time alleged in plaintiff's petition was performable in the counties where the land was situated, and not in Parker County, where plaintiff's suit was instituted.

Accordingly, the judgment of the trial court overruling defendant's plea of privilege is reversed, and judgment is here rendered sustaining the plea. The cause will be remanded, with instructions to the trial court to enter an order sustaining the plea of privilege and transferring the case to the County Court of Sherman County, and ordering the clerk of the court to make up the transcript and send same, together with the original papers in the case, to the clerk of the County Court of Sherman County, in accordance with the provisions of Art. 2020, Vernon's Texas Civil Statutes.