JOSEY MILLER COMPANY, Inc.,
Appellant,

v.

Jesse WILSON, Jr., Appellee.

No. 14292.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 28, 1964.

David A. Grose, Alice, Walter Groce, Corpus Christi, for appellant.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellee.

POPE, Justice.

This venue action arises under Section 23, Article 1995, Vernon's Ann.Civ.Stats. Plaintiff, Jesse Wilson, Jr., a resident of Jim Wells County, brought suit in that County against Josey Miller Company, Inc., of Jefferson County, Texas. The court overruled defendant's plea of privilege and defendant here urges that the action sued upon did not arise in Jim Wells County and, if it did, it is void under the Statute of Frauds. We affirm the judgment

Plaintiff operated several feed stores, one of which was in Jim Wells County. He asserted an oral contract made in that County, which obligated defendant to supply him feed, which he in turn sold to his customers. He alleged that defendant sent sacked feed to him in Jim Wells County, which he sold to his customers; that the feed was spoiled and adulterated and caused his customers' livestock to become sick, as a result of which he lost business and customers, and was subjected to claims by his customers. Sec. 23, Art. 1995 states several alternative sites at which a plaintiff may bring a suit against a private corporation. One place is the county in which the cause of action or a part thereof arose.

Plaintiff had to prove that some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, occurred in Jim Wells County. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex.

568, 91 S.W.2d 674. It is our opinion that plaintiff proved defendant breached its implied warranty, and that his resale of the spoiled and adulterated feed subjected him to business losses and claims in Jim Wells County. That part of his action, at least, arose in the county of the suit. Davis v. Ferguson Seed Farms, Tex.Civ.App., 255 S.W. 655; Teague Brick Sales Co. v. Dewey, Tex.Civ.App., 355 S.W.2d 249; Brown Cracker & Candy Co. v. Jensen, Tex.Civ.App., 32 S.W.2d 227, 232; Texas Portland Cement Co. v. Carsey, Tex.Civ. App., 3 S.W.2d 930.

■ Defendant also insists that the contract is in violation of the Statute of Frauds. This is an affirmative defense, Rule 94, Texas Rules of Civil Procedure, and may properly be heard upon the trial of the case, but not in a venue hearing. Clark, Venue in Civil Actions, pp. 246–248; 1 McDonald, Texas Civil Practice, § 4.55.

The judgment is affirmed.