**STULL CHEMICAL COMPANY, Inc.,**
**Appellant,**

v.

**BOGGS FARMERS SUPPLY, INC., et al.,**
**Appellees.**

**No. 4036.**

Court of Civil Appeals of Texas.

Eastland.

March 11, 1966.

Simpson, Adkins, Fullingim & Hankins, W. P. Sturdivant, Amarillo, for appellant.

Graddy Tunnell, Paul Lyle, Morehead, Sharp, Boyd & Tisdel, Plainview, for appellees.

COLLINGS, Justice.

This is a plea of privilege case. It is an appeal from the order of the District Court overruling pleas of privilege filed by Stull Chemical Company, Inc., to alleged causes of action filed by the original plaintiffs and to third party actions. Five cases are involved, presenting somewhat similar fact situations. The cases were tried together without a jury and at the close of the evidence the court overruled all pleas of privilege. Stull Chemical Company, Inc., has appealed.

Stull Chemical Company, Inc., hereafter referred to as Stull, is a Texas corporation

with its principal place of business at San Antonio, Bexar County, Texas. It is a chemical company engaged primarily in the manufacture, wholesale and distribution of insecticides, pesticides and other chemicals intended for use in agriculture. Boggs Farmers Supply, Inc., hereafter referred to as Boggs, is also a Texas corporation. Its principal place of business is at Kress in Swisher County. Boggs is primarily engaged in the retail sale of farm supplies, including fertilizers, herbicides, insecticides and other chemicals primarily intended for use in agriculture. Boggs also sometimes contracted to custom apply certain chemicals to various tracts of land for the purpose of weed control and other control purposes.

The plaintiffs are all land owners, lessees of land, or parties otherwise interested in crops growing in Swisher County in the year 1964. Plainsman Supply, Inc., is not a party to any of the suits involved, but is a Texas corporation which in the normal course of its business operation purchases bulk chemicals from Stull and in turn wholesales them to various dealers such as Boggs.

The record shows that in 1964 Boggs entered into contractual relationships with various land owners, lessees or other parties interested in growing crops in Swisher County whereby Boggs agreed to apply certain herbicide formulas to growing crops for the purpose of reducing weed infestation. Boggs entered into such a contract with Charles B. Martin, Jr., and A. C. Glenn to spray the grain sorghum crop growing on the farm lands of such parties with a Stull product bearing the trade name "Instemul DA–40" for the purpose of controlling and killing weeds growing in the grain sorghum crop. At the time the trade name preparation was applied said plaintiffs had growing cotton crops and soybean crops within close proximity to their grain sorghum crops. It was and is the contention of the plaintiffs that the preparation applied by Boggs to the grain sorghum crops either volatilized and floated or initially drifted onto the cotton and soybean crops owned by such plaintiffs and resulted in damage to said crops.

Two other plaintiffs, E. L. George, the owner of certain land in Swisher County and Kenneth Hart, who farmed such land, also brought suit against Boggs and Stull. The fact situation in this suit is similar to that in the suit filed by Martin and Glenn. Boggs contracted with George and Hart to spray a grain sorghum field for the purpose of killing and controlling noxious weeds. Said plaintiffs alleged that the preparation used by Boggs either volatilized and floated or initially drifted onto cotton crops owned by them in close proximity to the grain sorghum fields sprayed by Boggs with resulting damage to their cotton crops.

In three other cases filed against Boggs and Stull Company the fact situations are somewhat different. In such cases the plaintiffs had no direct contractual relationship with Boggs. In each of such cases it was alleged that Boggs, while spraying a third party's field with the preparation in question for the purpose of controlling noxious weeds, permitted the herbicide to either volatilize and float or to initially drift upon cotton fields owned by such plaintiffs, thereby causing damage to their cotton crops.

Each of the plaintiffs initially sued Boggs and Stull as joint defendants. Stull in each instance filed a plea of privilege to be sued in Bexar County. In each of the cases Boggs filed a third party complaint against Stull. In each instance of a third party complaint by Boggs against Stull, a plea of privilege was filed to the third party complaint. The five cases were consolidated for hearing on the pleas of privilege. In the three cases by original plaintiffs who alleged no contractual connection with Boggs, such plaintiffs, after hearing on the pleas of privilege, took a non-suit against Stull. In each of these three suits the court then overruled the plea of privilege filed by the third party defendant Stull to the third party action of Boggs.

The court also overruled the pleas of privilege filed by Stull to the suits instituted by the original plaintiffs who alleged a contractual relationship with Boggs, and overruled the pleas of privilege filed by Stull to the third party actions of Boggs in such cases.

In appellant's second point it is urged that the court erred in overruling the pleas of privilege filed by the defendant and cross-defendant, Stull Chemical Company, to the original petitions of the original plaintiffs, Glenn and Martin, and Hart and George and to the third party complaints of Boggs Farmers Supply, Inc., stating as reason therefor that the defendant and cross-defendant, Stull Chemical Company, is domiciled in Bexar County and that no exception to exclusive venue in the county of its domicile is shown to exist.

■ The original plaintiffs, Glenn and Martin, and Hart and George contend that the court did not err in overruling the pleas of privilege filed by Stull to their original petitions, claiming that venue was properly laid in Swisher County under the provisions of Subdivisions 4 and 23 of Article 1995, Vernon's Ann.Tex.Civ.St. Subdivision 4 of the venue statute provides that:

> "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

It is held that where a plaintiff brings suit against two defendants, one of which resides in the county where the suit is brought and the other in a different county, and seeks to obtain the benefit of subdivision 4 of the venue statute he may do so by alleging and proving a cause of action against the resident defendant and alleging a cause of action against the nonresident defendant so intimately connected with the cause of action alleged and proved against the resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. Proof of the nature of the suit is shown by plaintiffs' petition. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Com. of App., opinion adopted by Sup.Ct.).

■ The suits by the original plaintiffs Glenn and Martin, and Hart and George were against two defendants, Boggs and Stull. It was alleged and proved that Boggs resides in Swisher County where the suit was brought and that Stull resides in Bexar County. Stull admits that it is a proper party to the suit against the resident defendant Boggs, but contends that the original plaintiffs have not met their burden "to plead and prove by a preponderance of the evidence" a cause of action against the resident defendant Boggs. We cannot agree with this contention. In our opinion the original plaintiffs did allege a cause of action against both the resident Boggs and the nonresident Stull and proved a cause of action against Boggs, the resident defendant.

The pleadings of the original plaintiffs were, in substance, that Boggs Farmers Supply, Inc. was a corporation engaged in the business of selling insecticides and weed control spray materials designed for the destruction and control of weeds; that Boggs was also engaged in the selling and application of said materials on the land of purchasers. They alleged that Stull Chemical Company was engaged in the manufacture of a special herbicide formulation called Instemul, which said herbicide formula was to be sprayed and spread on plants and farm land by the Stull Bi-fluid System to kill and control noxious weeds. They alleged that in June of 1964, the original plaintiffs contacted Mr. Andrew Boggs, an agent and officer of Boggs Farmers Supply, and inquired concerning the possible use of a weed control spray called Instemul; that Boggs was an authorized sales outlet or distributor for Stull Chemical Company in selling Instemul DA–40 as a herbicide; that Andrew Boggs represented and warranted to said plaintiffs that he had investigated the weed

control material in question and that it was perfectly safe to use this spray on a grain sorghum crop to control and kill weeds growing therein; that such material did contain 2,4–D as a weed killing agent, but that a Bi-fluid Spraying Process had been perfected by Stull Chemical Company and that such material, as a herbicide, if applied by the Stull Bi-fluid Spraying Process, would not drift or volatilize and could be safely used in close proximity to cotton and other crops without damage to said crops. It was alleged that said plaintiffs relied upon the representations and warranties of Boggs; that they also relied on the advertising used and disseminated in Swisher County and surrounding counties during the time in question by Stull Chemical Company, and shown to such original plaintiffs, and by reason of such representations, warranties and advertising authorized Boggs to apply the weed control agent to their grain sorghum crop as a weed control measure and agreed to pay therefor the sum of $4.50 per acre. Said plaintiffs further alleged that they made known to Boggs the purpose and exact location for which they were buying the spray material and the particular use intended to be made of it; that Boggs agreed to apply said spray and expressly and impliedly warranted that such spray material would not be harmful to cotton and other crops in the area; that plaintiffs relied upon the skill and judgment of Boggs and the skill and judgment of Stull in the formulation and manufacture of Instemul DA–40; and that the express and implied warranties of both defendants that said spray material so sold and applied was suitable for the purpose for which it was intended to be and was used. Plaintiffs alleged that they relied upon the skill and judgment of both Boggs and Stull and the express and implied warranties of such defendants that such herbicide material would not kill or damage other growing crops in the area. Said plaintiffs further alleged that, contrary to the express and implied warranty of said defendants, the material described which was sprayed on plaintiffs' grain sorghum for control of noxious weeds was dangerous and injurious to cotton crops growing in the immediate vicinity, and that 2,4–D damage was caused to plaintiffs' cotton crop, which damage plaintiffs sought to recover.

The evidence shows that the material in question, Instemul DA–40, contained a hormone killer to which broad leaf plants such as cotton and soybeans were particularly susceptible; that shortly after application of the material to plaintiffs' grain sorghum plaintiffs sustained damage to their nearby cotton and soybean crops. The evidence shows that Boggs made an investigation to try to determine if 2,4–D damage to plaintiffs' cotton and soybean crops could have come from any other source, but was unable to find where any other farmer in the vicinity had used a 2,4–D agent in the summer of 1964. Andrew Boggs testified that the material in question caused the damage to the growing crops of the original plaintiffs herein. Mr. Boggs stated that the damage which he observed decreased the yield of the cotton crop. There was ample evidence to the effect that Boggs represented and warranted that the material in question would be safe to use in spraying the grain sorghum crops and that such spraying would not damage susceptible crops nearby, either on plaintiffs' land or on the land of neighbors. The original plaintiffs testified that they relied upon said warranties and representations to their damage.

Stull's pleas of privilege to the suits filed by the original plaintiffs were properly overruled under the provisions of subdivision 4 of the venue statute. In our opinion such pleas of privilege were also properly overruled under provisions of subdivision 23 of the venue statute. Subdivision 23 provides in part that suits against a private corporation may be brought in the county in which the cause of action or a part thereof arose. Stull is a private corporation. It is held that a party seeking ·to maintain venue in a particular county under the provisions of the statute permitting

suits against private corporations to be brought in any county in which the cause of action or a part thereof arose has the burden of proving a cause of action against the defendant. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605. The record shows that the original plaintiffs met their burden of pleading and proving a cause of action against Stull which arose in whole or in part in Swisher County.

■ The evidence also supports the action of the court in holding that venue of Boggs'· third party cross actions against Stull was properly laid in Swisher County. In connection with this matter appellant particularly urges that there is no evidence, or in the alternative insufficient evidence, to support the court's implied finding that Stull breached an express or implied warranty to Boggs. In our opinion there was evidence and sufficient evidence showing that Stull represented to Boggs that its product was safe when used and applied in close proximity to cotton and soybean crops. The evidence also amply supports the implied finding that appellant's product was not safe when applied in close proximity to such susceptible crops. The pleadings and evidence show that Stull furnished advertising material which was delivered to Boggs in Swisher County to be used in promoting sales of its product, Instemul DA–40. Exhibits of such advertising material were introduced in evidence. The evidence shows that such advertising material was exhibited by Boggs to the original plaintiffs herein before they entered into the contracts with Boggs; that the product which was manufactured by Stull was purchased by Boggs through a distributor and delivered in sealed containers or drums in Swisher County for sale. Sales representatives of Stull encouraged and solicited Boggs as an agent or sales outlet for the sale of its product in Swisher County to be sold or applied tʋ crops in the manner recommended by Stull. The advertising material and representatives of Stull represented such product to be safe when used in close proximity to crops such as cotton which were susceptible to damage. This representation or warranty is illustrated by plaintiffs' exhibit number 1 which ·is a picture demonstrating Stull's warranty under which it was stated that "this row of cotton was sprayed with 2,4–D in a 15 mph. wind." Relying upon such representations the material in question was applied by Boggs to growing crops in Swisher County by the Stull Bi-fluid Spraying Process, recommended by Stull. In our opinion the evidence shows that damage resulted therefrom both to crops of original plaintiffs who contracted with Boggs, and to nearby crops of plaintiffs who did not contract with Boggs. It is unquestioned that there was 2,4–D damage to the crops involved, and the evidence supports the conclusion that there was no other spraying in the community. These facts constitute circumstantial evidence that Stull's herbicide product so applied by Boggs in the vicinity of the injured crops either volatilized and floated or initially drifted onto and damaged such crops. Aerial Sprayers, Inc. v. King, Tex.Civ.App., 317 S.W.2d 602; Aerial Sprayers, Inc. v. Yerger, Hill & Son, Tex.Civ.App., 306 S.W.2d 433. The evidence supports the implied finding of the trial court that both the original plaintiffs and Boggs proved causes of action against Stull which arose in whole or in part in Swisher County, and that venue was properly held to be in that county under the provisions of Subdivision 23, supra. In support of our holding concerning Boggs' third party cross actions against Stull see Josey Miller Company v. Wilson, Tex.Civ.App., 384 S.W.2d 231 and Charles Pfizer and Company v. Branch, Tex.Civ.App., 365 S.W.2d 832; Kirksey v. Warren, Tex.Civ.App., 348 S. W.2d 33.

The alleged damage to cotton crops in close proximity to the area sprayed by Boggs subjected Boggs to claims by each of such cotton farmers for his alleged damage. Each of such farmers brought suit against Boggs to recover for damages to

their growing cotton crops alleged to have been caused by the action of Boggs in spraying the sorghum grain crops of the original plaintiffs herein. Boggs was thus subjected to claims of alleged damages in Swisher County and therefore sustained damage in Swisher County. Such damage was a part of his cause of action which arose in Swisher County, where these suits were filed. It was not necessary that before liability of Boggs could arise that it must have adjusted its liability with those who brought claims against it for damages. Josey Miller Company v. Wilson, supra; Brown Company v. Terrell, Tex.Civ.App., 310 S.W.2d 757; Davis v. Ferguson Seed Farms, Tex.Civ.App., 255 S.W. 655.

Appellant's points are all overruled. The orders of the trial court overruling appellant Stull's pleas of privilege were proper. Such orders are affirmed.