**NATIONAL FURNITURE MANUFACTUR-
ING COMPANY, a Corpora-
tion, Appellant,**

v.

**CENTER PLYWOOD COMPANY, Inc.,
Appellee.**

No. 214.

Court of Civil Appeals of Texas.

Tyler.

June 16, 1966.

Rehearing Denied July 21, 1966.

**116**

Wardlow W. Lane, Joe Davis Foster, Center, Butler, Binion, Rice, Cook & Knapp, Frank J. Knapp, Houston, for appellant.

McLeroy & McLeroy, Tom McLeroy, Center, for appellee.

SELLERS, Justice.

Center Plywood Company, a corporation, located in Shelby County, brought this suit in the District Court of Shelby County to recover indebtedness of several thousand dollars alleged to be due it by appellant, National Furniture Manufacturing Company, a corporation, with its place of business in Wharton County.

The defendant in the trial court and the appellant here filed its Plea of Privilege to be sued in the county of its residence which plea was in due form. The plaintiff in the trial court and appellee here filed its controverting Plea of Privilege in which it seeks to sustain venue in Shelby County under Section 23, Article 1995, Vernon's Ann.Tex.Civ.St., which provides:

"* * * [s]uits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; * * *."

Upon a trial of this issue before the court without a jury, judgment was entered overruling appellant's Plea of Privilege from which judgment the appellant has duly prosecuted this appeal.

The only evidence offered on the hearing of the Plea of Privilege was that of appellee and although the suit is for a much greater amount insofar as this hearing is concerned, the appellee relies upon that part of his cause of action evidenced by a so-called "purchase order" in the amount of $10,732.-68.

The facts being undisputed, this appeal turns upon the proper interpretation of these facts as to which county this contract was entered into. Appellant contends that it was entered into in Wharton County where it has its residence; appellee contends that it was executed in Shelby County where it has its residence. There can be no doubt that venue under this section of the venue statute is controlled by

the fact of where the contract was entered into or, stated another way, "In the county where the purchase order, as finally agreed upon, was accepted." Early-Foster Co. v. A. P. Moore's Sons, Inc., Tex.Civ.App., 230 S.W. 787; Mercantile Securities Co. et al. v. Taylor, Tex.Civ.App., 60 S.W.2d 1059.

The purchase order came about in this way: The Appellant, a corporation, is engaged in the furniture manufacturing business and was in need of certain material to fill a particular order. The appellee is in the lumber manufacturing business and manufactures the kind of material which the appellant needed to fill its order for furniture. The appellant mailed to appellee, at Center, Texas, a complete list of material needed to complete its order for furniture and asked appellee to quote it the prices on the particular lumber. Appellee answered this letter and gave the appellant a figure of $10,732.68 for which it would fill the order. Upon receiving this offer, appellant filled out the so-called "purchase order," above referred to, and mailed it to appellee at Center, Texas, in Shelby County. This purchase order contained several provisions which the parties had not theretofore discussed or agreed upon. It provided for delivery of the material f. o. b. East Bernard, Wharton County; it likewise provided for payment to be made in Wharton County, and it further provided that delivery of the material was to be made by June 21, 1965. When this purchase order was received in the mail by appellee, it refused to accept the same for the reason only that it could not deliver the material by June 21st, and a Mr. Boyette, Vice-President and General Manager of appellee, placed a telephone call from Center in Shelby County to Mr. Levianthal, President of appellant's corporation in Wharton County, and advised Mr. Levianthal that he could not possibly deliver the material by June 21st and asked for a change of this date to July 21st. Mr. Levianthal, then and there, over the telephone agreed to this final change. The appellant thereafter wrote a letter to appellee confirming the telephone conversation changing the date to July 21st. Thereafter, appellee wrote a letter acknowledging receipt of the purchase order. Mr. Boyette testified on the trial as follows:

"Q All right. Then when the purchase order was sent to Center by Mr. Levianthal and you ironed out the fact that you couldn't make delivery by June 21st with Mr. Levianthal, but requested that you be given to July 21st, and he having agreed to that additional 30 days, then Center Plywood Company proceeded to get itself in shape to make delivery, is that correct?

"A That's correct.

"Q All right. And thereafter Center Plywood Company did make delivery, pursuant to this purchase order P-8 did it not?

"A That's right.

"Q And on your invoices to National Furniture Company in connection with the Auburn job, you have shown on the face of your invoices, and I'll not take time to refer to each one, but looking at the top one, it shows that the customer's order number was 6203791, which corresponds with the number of the purchase order that was issued to you by National Furniture Company, is that not correct?

"A That's correct.

"Q Consequently, when you ironed out with Mr. Levianthal the extension from June 21st to July 21st, 1965, then as far as you were concerned you folks had a deal, isn't that correct?

"A That's correct."

■ It is pointed out in appellee's brief that there cannot be a contract until the parties' minds meet respecting the subject

matter of the agreement and all its essential terms. Norwood V. Adams, Tex. Civ.App., 51 S.W.2d 625.

■ Appellee further states in its brief that in making a contract, the offer must be certain and unambiguous, and acceptance must be identical with the offer. Morrow v. De Vitt et al., Tex.Civ.App., 160 S.W.2d 977.

The acceptance of the offer must be unqualified and unconditional, and in the exact terms of the offer. Garrett et al. v. International Milling Co., Tex.Civ.App., 223 S.W.2d 67.

■ Appellee makes the further statement in its brief that acceptance modifying an offer is a counter-offer which must be accepted. Liquids Dispatch Line v. Texas Power & Light Co., Tex.Civ.App., 6 S.W. 2d 169.

■ We are in full accord with the above principles of law as set out in appellee's brief. To the above statements of the law may be added the rule set out in the case of Mercantile Securities Co. et al. v. Taylor, Tex.Civ.App., 60 S.W.2d 1059. In discussing venue under subdivision 23, it is held:

"It is well settled by the decisions of this state that since a contract upon which a suit is based is a part of the cause of action for damages for its breach, the county in which it is consummated is material in the determination of whether or not venue is properly laid under the subdivision of the statute; and many decisions might be cited holding that when, through the medium of correspondence, wire, or telephone, an offer is made by a person in one county to a person in another county and is accepted by the latter, then the contract is deemed to have been made in the county where the offer is accepted; and by reason thereof venue of suit may be laid in that county, but not in the county where the offer originated."

■ Applying the above rules of law to the facts of this case, we are of the opinion that there was a counter-offer made by the General Manager of appellee when he called the appellant in Wharton County and negotiated a change of the date of delivery to July 21st which was accepted by the appellant in Wharton County, and venue of this case is in Wharton County and not Shelby County.

■ The appellee contends that the material was delivered to appellant in Shelby County on its trucks and for this reason a part of the cause of action arose in Shelby County. It will be observed that the purchase order provided for delivery f. o. b. East Bernard in Wharton County. It is true that some of the material was actually delivered to appellant on its trucks in Shelby County but this was done because appellee was not able to comply with its contract to make delivery and it is not disputed that appellee paid appellant the delivery charges for the use of its trucks. This, in our opinion, did not constitute performance in Shelby County of the contract. Larry Lightner, Inc. v. United States, 5 Cir., 213 F.2d 449.

The contract having been made in Wharton County, and no breach of the contract having taken place in Shelby County by appellant, venue under Section 23 has not been shown in Shelby County. Ohio Oil Co. v. Varner, Tex.Civ.App., 150 S.W.2d 185. The appellee assigns error in that appellant waived its Plea of Privilege by proceeding to trial on the merits of its case before the hearing on the Plea of Privilege became final.

■ The facts are that appellant filed its answer to the merits of the case subject to its Plea of Privilege. No action was had on the merits until the court had overruled appellant's Plea of Privilege and notice of appeal entered from which this appeal was duly perfected.

The appellant having appealed from the order overruling its Plea of Privilege could

**119**

proceed to trial of the case on the merits without waiving its Plea of Privilege. Vol. 59, T.J.2d, page 616, Sec. 162.

The judgment of the trial court is reversed and the case ordered transferred by the Clerk of the trial court to the District Court of Wharton County.