**SANI–SERV FREEZER SALES, INC.,**
Appellant,

v.

**D. R. COKER and Ralph C. Graham,**
Appellees.

No. 428.

Court of Civil Appeals of Texas.

Tyler.

May 15, 1969.

Chester A. Oehler, Dallas, for appellant.

Moore & Holland, Willis D. Moore, Athens, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from an order overruling appellant's plea of privilege. This case arose as a result of a contract under which Sani-Serv sold an ice maker and an ice cream maker to Coker and Graham, the appellees.

Under the contract between the parties, Sani-Serv was to give 90 days' free service to the machines. After the 90-day free service ran out, the appellees filed suit in Henderson County, Texas, to rescind the contract alleging a breach of its warranty provision and for damages resulting from Sani-Serv's failure to give the 90 days' free service and because the ice cream maker was not suitable for the purpose for which it was sold.

Appellant timely filed a statutory plea of privilege to be sued in Dallas County, Tex-

as, alleging that it was not a resident of Henderson County, Texas; that its principal office is located in Dallas County, Texas; and that no exception to exclusive venue in the county of its principal office exists.

Appellees duly controverted the plea of privilege seeking to sustain venue in Henderson County, Texas, under Subdivision 23 of Article 1995, Vernon's Ann.Tex.Civ. St.

The trial court, after a hearing thereon, overruled appellant's plea of privilege. From this order, the appellant has perfected its appeal to this court.

Pursuant to appellant's request, the court filed its findings of fact and conclusions of law.

Appellant first contends that "Appellees failed to prove, by a preponderance of the evidence, that a cause of action, or a part thereof, against Appellant arose in Henderson County, Texas."

The only witness offered upon the hearing of the plea of privilege was appellee, D. R. Coker. He testified that he and Ralph C. Graham made and entered into a contract in writing with appellant on February 12, 1968, in Henderson County, Texas, to purchase a used Sani-Serv ice cream maker and an ice making machine; that the contract provided for 90 days' free service on the machines and one year on parts. The machines were delivered to and installed in appellees' place of business located in Henderson County, Texas, known as Mike's Drive-Inn. Coker also testified that the ice making machine performed properly, but the ice cream making machine did not so perform. The ice cream machine was to make ice cream frozen hard enough to stand up on a cone. Coker testified " * * * when you tried to draw a cone, * * * it would either be too hard froze or be too loose and run all over the floor. * * * it would either freeze up where you couldn't draw it or turn right the other way and be where it

wouldn't stand up on the cone, it would run off and the customers couldn't get their ice cream." Sani-Serv was notified about the improper performance of the ice cream maker and they later installed another old machine in its place, which did not perform any better than the replaced one. He testified that the trouble with the second machine was that the cream would never get hard and it would only make malts. They also replaced the second machine with the original ice cream maker, but it still did not perform properly and would freeze the cream so hard it couldn't be put into either a cone or a cup. The cream would freeze so hard it would not come out of the spout or it would be so loose you couldn't put it on a cone. Coker further testified that he could not serve his customers with the machine and because the machine did not perform or function properly, it was not of any use or benefit to them (appellees). All of the above transpired within the 90-day warranty. Coker further testified that "We had a lot of dissatisfaction and people would be leaving there and going to the Dairy Queen to get their ice cream, therefore, we would lose our hamburger business, * * *. It has eventually put us out of business." Appellees informed the appellant that it had not fixed the machine properly and requested it to try again to fix the ice cream making machine. The appellant never did return or attempt to correct the malfunction of the ice cream maker.

Omitting the formal parts, the court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On February 12, 1968, Plaintiffs and Defendant, Sani Serv Freezer Sales, Inc., a corporation, entered into a contract whereby Defendant sold to Plaintiffs an ice maker and ice cream maker.

2. Such contract was entered into by Plaintiffs and Defendant in Athens, Henderson County, Texas.

3. Under such contract of February 12, 1968, Defendant agreed to give Plaintiffs 90 days free service on the machines.

4. The ice machine and ice cream machine were installed by Defendant on February 21, 1968.

5. The purpose of the ice cream machine was to make ice cream that was hard enough to stand up on a cone.

6. The ice cream machine installed by Defendant on February 21, 1968, worked properly for about only two weeks after it was installed.

7. Within two weeks after the installation of the ice cream machine D. R. Coker, one of the plaintiffs, called Defendant about the ice cream machine not working properly.

8. Thereafter the Defendant replaced the ice cream machine with another old ice cream machine, which did not work properly in that the ice cream would not harden.

9. Thereafter, and within 90 days after the installation of the original ice cream machine, Defendant removed the replacement machine and put the original machine back in service.

10. The ice cream machine did not work properly during the remainder of the 90-day free service period.

11. One of the plaintiffs, D. R. Coker, thereafter and within the 90-day free service period, informed Defendant that the ice cream machine had not been fixed properly, but Defendant did not ever properly fix the machine thereafter.

12. Plaintiffs lost customers because the ice cream machine would not operate properly.

### CONCLUSIONS OF LAW

1. I find that Defendant was obligated to maintain the ice cream machine sold to Plaintiffs in proper working order during the 90-day free service period.

2. I find that Defendant failed to put the ice cream machine sold to Plaintiffs in proper working order during the 90-day free service period.

3. I find that the ice cream machine sold to Plaintiffs by Defendant was not suitable for the purposes for which it was sold.

4. I find that Defendant's failure to maintain the ice cream machine sold to Plaintiffs in proper working order during the 90-day free service period caused Plaintiffs to lose customers.

5. I find that Plaintiffs have established a cause of action against Defendant, a part of which arose in Henderson County, Texas.

6. I find that venue in this cause is properly laid in Henderson County, Texas.

Subdivision 23 of Article 1995, V.T.C.S. provides, in effect, that suits against a private corporation may be brought in any county in which the cause of action, or a portion thereof, arose.

■ Appellees (plaintiffs) were required to prove that some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, occurred in Henderson County, Texas. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674. The making of a valid contract and its breach with resulting damages give rise to a cause of action on behalf of the aggrieved party. Consequently, within the meaning of the foregoing venue statute, a cause of action against a private corporation for the breach of the contract consists of the contract itself and its breach, hence suit may be maintained in the county where the contract was made. Therefore, in order to maintain a suit in a county other than that in which the corporation's principal place of business is located, it is only necessary that some part of either the primary right or the breach thereof must have occurred in the county where the suit was filed and that the requirement that "a part thereof" shall have arisen in the county where the suit was brought is met by proof that the contract was made in that county. Sealy Oil Mill & Mfg. Co. v. Barronian, 282 S.W. 315 (Tex.Civ.App., Galveston, 1926, n.w.h.); Ed Friedrich Sales Corporation v. Deitrick, 134 S.W.2d 760 (Tex.Civ.App., Galveston, 1939, n.w.h.); Ohio Oil Co. v. Varner, 150 S.W.2d 185 (Tex.Civ.App., Dallas, 1941, n.w.h.); Gleason v. Southwestern Sugar & Molasses Co., 214 S.W.2d 640 (Tex.Civ.App., Waco, 1948, n.w.h.); G. & M. Products Corporation v. Clayton Specialties, Inc., 386 S.W.2d 843 (Tex.Civ.App., Houston, 1965, n.w.h.); Lone Star Gas Company v. Coastal States Gas Producing Company, 388 S.W.2d 251 (Tex.Civ.App., Corpus Christi, 1965, n.w.h.); National Furniture Mfg. Co. v. Center Plywood Co., Inc., 405 S.W.2d 115 (Tex.Civ.App., Tyler, 1966, writ dism.). It is undisputed that the contract here involved was entered into in Henderson County.

■ Moreover, as we view the record, the appellees proved appellant (defendant) breached its warranty, and that the malfunction of the ice cream maker subjected appellees to business losses in Henderson County. That part of their action, at least, arose in Henderson County, the county in which the suit was brought. Texas Portland Cement Co. v. Carsey, 3 S.W.2d 930 (Tex.Civ.App., Texarkana, 1928, n.w.h.); Brown Cracker & Candy Co. v. Jensen, 32 S.W.2d 227 (Tex.Civ.App., Waco, 1930, n.w.h.); Teague Brick Sales Company v. Dewey, 355 S.W.2d 249 (Tex.Civ.App., Amarillo, 1962, n.w.h.); Lambert Corporation v. Martin, 369 S.W.2d 703 (Tex.Civ. App., San Antonio, 1963, writ dism.); Josey Miller Company v. Wilson, 384 S.W.2d 231 (Tex.Civ.App., San Antonio, 1964, n.w.h.).

The pleadings and evidence support the trial court's findings, conclusions, and order overruling appellant's plea of privilege. Appellant's points of error are overruled.

Judgment affirmed.