NO. 07-03-0208-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 26, 2004
_____

FORTIS BENEFITS INSURANCE COMPANY,

Appellant

v.

MARGARET GUIN,

Appellee
_____

FROM THE 1-A DISTRICT COURT OF JASPER COUNTY;

NO. 23,388; HON. MONTE D. LAWLIS, PRESIDING
_____

***Memorandum Opinion***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Fortis Benefits Insurance Company (Fortis) appeals from a judgment against it enforcing an alleged settlement agreement between Fortis and appellee Margaret Guin (Guin).[1] In four issues, Fortis contends 1) the trial court erred in finding there was a binding agreement between the parties to settle pending litigation, 2) there was legally and factually insufficient evidence to support the finding of a binding agreement between the

_____

[1]Guinn did not file a brief in this matter.

parties, 3) the court erred in awarding attorney's fees to Guin because there was no binding agreement between the parties, and 4) the trial court erred in overruling its objections to the testimony of John Searle who was Guin's trial counsel. We reverse the judgment of the trial court and render judgment in favor of Fortis.

## *Background*

Guin sued Fortis to recover additional benefits she claimed were owed to her under a life insurance policy as a result of the death of her husband. That case was removed to federal court. The parties thereafter conducted some settlement discussions. Initially, Guin demanded one half of the additional claimed insurance proceeds. On December 11, 2001, Fortis rejected the demand but offered $5,000 for a release of all claims. In response, by letter dated January 2, 2002, Guin requested $21,000. However, on January 14, 2002, Guin sent another letter to Fortis in which she stated that she "would accept" the $5000 offer "if you would reimburse us the $218.00 court costs we have expended . . . ." The missive concluded with the following passage: "If this is agreeable, please send closing papers and money." On that same day, counsel for Guin was informed that Fortis would not pay the $5,000 settlement offer. This led Guin's attorney to write another letter, dated January 15, 2002, in which he told Fortis that he had accepted its offer in a timely manner and was willing to sue to enforce the agreement. In turn, Fortis responded with a letter, dated January 18, 2002, informing Guin that it did not consider its $5,000 offer to have been accepted and that its offer was withdrawn.

Guin then filed this lawsuit seeking to enforce the settlement agreement. Prior to any judgment in the case at bar, the federal court granted summary judgment in favor of Fortis and dismissed Guin's cause of action against Fortis. Thereafter, a bench trial was

2

held on Guin's lawsuit seeking to enforce the settlement agreement, and the trial court subsequently entered judgment in favor of Guin ordering that she recover $5,000 plus prejudgment interest and attorney's fees.

### Issues One and Two - Existence of Contract

Fortis contends in its first two issues that there was no contract between the parties. Interpreting the issues as involving the sufficiency of the evidence underlying the trial court's determination that the elements of a binding contract had arisen, we sustain the issues.

*Law*

We review a claim of legal insufficiency by examining the record and viewing the evidence in a light that tends to support the finding of the trial court while disregarding all evidence and inferences to the contrary. *Southwest Key Program, Inc. v. Gil-Perez,* 81 S.W.3d 269, 274 (Tex. 2002). To determine whether evidence is factually sufficient, we examine the record for some probative evidence to support the finding and determine whether in light of all the evidence the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex. 1986), *overruled on other grounds by Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378 (Tex. 2000). Whether a settlement agreement fails for lack of an essential term is a question of law. *Cantu v. Moore,* 90 S.W.3d 821, 825 (Tex. App.–San Antonio 2002, pet. denied); *Ronin v. Lerner,* 7 S.W.3d 883, 888 (Tex. App.–Houston [1st Dist.] 1999, no pet.).

A binding contract exists when there is an offer, an acceptance in strict compliance with the terms of the offer, a meeting of the minds, and communication of consent to the

3

terms by each party. *Williford Energy Co. v. Submergible Cable Services, Inc.,* 895 S.W.2d 379, 384 (Tex. App.–Amarillo 1994, no writ). If an acceptance changes the terms of the offer, the offer is rejected and there is a counter-offer. *Komet v. Graves,* 40 S.W.3d 596, 601 (Tex. App.–San Antonio 2001, no pet.); *CRSS, Inc. v. Runion,* 992 S.W.2d 1, 5 (Tex. App.–Houston [1st Dist.] 1995, writ denied); *Blackstone v. Thalman,* 949 S.W.2d 470, 473 (Tex. App.–Houston [14th Dist.] 1997, no writ); *Gasmark Ltd. v. Kimball Energy Corp.,* 868 S.W.2d 925, 928 (Tex. App.–Fort Worth, 1994, no writ).

*Application of Law*

Guin's purported acceptance of the offer to settle consisted of her counsel's January 14th letter wherein he stated that Guin "would accept" the settlement offer "if [Fortis] would reimburse" her for court costs. As can be seen, Guin conditioned her acceptance of the offer upon Fortis' undertaking of an additional monetary obligation. And, that Guin understood that she was varying from the terms of the original settlement offer is exemplified by her statement that "if this is agreeable," then the requisite paperwork and money should be sent.

As previously mentioned, an acceptance must be in strict compliance with the terms of the offer. Furthermore, it must be both unconditional and unqualified. *National Furniture Mfg. Co. v. Center Plywood Co.,* 405 S.W.2d 115, 118 (Tex. Civ. App.–Tyler 1966, writ dism'd w.o.j.). And, to the extent that an acceptance is qualified and conditional, it is a counter-offer. *Legal Sec. Life Ins. Co. v. Ward,* 373 S.W.2d 693, 697-98 (Tex. Civ. App.–Austin 1963, no writ). Given that Guin's acceptance was conditioned and qualified, it constituted a counter-offer. And, being a counter-offer, it had the effect of rejecting

4

Fortis' settlement offer.  Thus, there is no evidence of record illustrating the acceptance of an offer or the existence of a binding agreement.

In sum, the trial court erred in finding a binding settlement agreement between the parties.  Our disposition of Fortis' first two issues renders it unnecessary for us to address its remaining issues.  We therefore reverse the judgment of the trial court and render judgment that Guin take nothing on her suit against Fortis.


Brian Quinn
Justice