Jane **TILLER**, Appellant,

v.

Charles **VILLASENOR**, Appellee.

No. 15265.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 21, 1968.

Briscoe, Dally & Shaffer, Joe C. Shaffer, Houston, for appellant.

Robert P. Jungman, Houston, for appellee; Jungman & Brannon, Houston, of counsel.

PEDEN, Justice.

This is an appeal from an order awarding custody of three minor sons of the appellant to the appellee, who was the brother of their deceased father. Appellant had filed a habeas corpus proceeding, and, after a nonjury hearing, the trial court refused to grant the writ.

At the time of the hearing, which was held soon after the death of their father, the ages of the boys in question were 16, 14 and 12 years. They had lived with their father since their custody had been awarded to him when the boys' parents were divorced in 1964, but had stayed with the appellant, their mother, most of the summers and weekends since that time. Appellant has remarried.

Appellee is married and has two children. He and his family live in Austin. Appellant's sons have visited in his home on several occasions.

At the hearing the trial judge and the attorneys for the parties questioned each of

the boys outside of the hearing of the parties. Each boy stated that he loved his mother and that he thought he would be all right with her, but each one expressed a definite preference for living with the appellee. The younger of the boys had left his mother's house and had called an aunt to come get him shortly before the date set for the hearing in the trial court.

Mrs. Tiller's appeal complains that it was error to refuse to grant her custody of the children because a surviving parent is presumptively entitled to succeed to custody of the minor children unless such surviving parent is shown to be an unfit or improper person to be awarded custody. Further, that there is no indication that the court found appellant to be an unfit or improper person to receive custody, nor is there evidence in the record upon which such a finding could reasonably be based.

 We overrule appellant's point of error. In Texas the court's primary concern is for the best interest of the children. Legate v. Legate, 87 Tex. 248, 28 S.W. 281 (1894).

The trial court may award custody of the children to someone other than the surviving parent even though such parent is not unfit. This exact point was decided by the Texas Supreme Court in Herrera v. Herrera, Tex., 409 S.W.2d 395 (1966). The rule is stated in Taylor v. Taylor, 42 S.W.2d 455 (Tex.Civ.App., 1931, no writ hist.):

"The presumption is that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the respondents prove that the natural parent is disqualified by immorality or misfortune."

When this rule was earlier announced in Dunn v. Jackson, 231 S.W. 351 (Tex.Com. App., 1921, opinion adopted), its application was to a family in which the father had voluntarily surrendered custody of an infant two weeks old to her maternal grandmother; but the rule is also applied where there has been neither a voluntary relinquishment nor an abandonment of custody. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955); Ham v. Cavette, 357 S.W.2d 438 (Tex.Civ. App., 1962, writ ref., n. r. e.); Taylor v. Taylor, supra.

We have considered the whole record and have concluded that the trial judge did not abuse his discretion. One notable factor in the case is the fact that all three of the boys have stated their desire to live with appellee; this is one of the matters on which the trial judge may base his decision when the children are of sufficiently mature age. Dunn v. Jackson, supra, and Taylor v. Taylor, supra.

The judgment of the Trial Court is affirmed.