**Richie Franklin CRAVENS, Appellant,**

v.

**Clarence EISENBACH et ux., Appellees.**

No. 11950.

Court of Civil Appeals of Texas, Austin.

Nov. 15, 1972.

Richard M. Price, Quinn & Price, Abilene, for appellant.

Justin A. Kever, Hardeman, Smith & Kever, San Angelo, for appellees.

PHILLIPS, Chief Justice.

This appeal is from judgment in a habeas corpus proceeding brought by appellant, Richie Franklin Cravens, against Clarence Eisenbach and wife, Elizabeth Eisenbach, appellees, for custody of Sherry Leann Cravens, a minor. Judgment was rendered by the trial court, sitting without a jury, granting custody to the appellees with visitation rights for the appellant.

We affirm.

Appellant and Glenna Beth Eisenbach Cravens, deceased, were married in 1964 and divorced in 1970. There were two children born of the marriage, Sherry Leann Cravens, the child whose custody is here in question, and a boy who is deceased. The divorce judgment awarded custody of the children to the deceased, Glenna Beth Cravens, with visitation to the appellant. In 1970 Glenna Beth Cravens and her son were killed in an automobile wreck. After Mrs. Cravens' death, appellant delivered custody of Sherry Leann Cravens to appellee grandparents where she has lived ever since.

■ Appellant contends that the law establishes a presumption that the interest of a young child is best served by being in the custody of a natural parent rather than some other person; that upon the death of one of the parents, to whom custody has been awarded by a divorce decree, the custody of the child vests automatically in the surviving parent.[1]

■ Appellant's contention is correct; however, the facts of the case at bar bring it within the exception set out in Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup.1966). *Herrera* holds that where a parent, by writing or otherwise, has voluntarily transferred and delivered his minor child into the custody and under the control of another, and then seeks to recover possession of the child by writ of habeas corpus, such parent is invoking the exercise of the equitable discretion of the court to disrupt private domestic relations which he has voluntarily brought about, and the court will not grant relief unless, upon a hearing of all the facts, it is of the opinion that the best interest of the child would be promoted thereby. *Herrera* further holds that the trial court's judgment in determining the best interest of the child and in awarding its custody in accordance with that determination should be reversed only when it appears, from the record as a whole, that the court has abused the discretion entrusted to it.

■ Appellant is an assistant professor at McMurry College in Abilene. Since his divorce he has remarried and established a home in Abilene. His present wife has five children by two prior marriages and has recently undergone open heart surgery. Appellant and his wife testified that if Sherry Leann Cravens were to be awarded to them she would share a bedroom with two teenage girls. The evidence further discloses that Sherry Leann has visited in the home of appellant in Abilene on but two weekends since the death of her mother; that appellant has contributed nothing to the support and maintenance of the child and did not give her a Christmas present in either 1970 or 1971; nor did he recognize her birthday with a card or present.

1. Citing Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953) ; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551 (1946) ; Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.1963).

On the other hand, numerous witnesses testified to the fact that the grandparents, long time residents of San Angelo, were persons of substance, both morally and financially, active workers in their church, and that the atmosphere in their home was one of love and closeness among members of their family.

The evidence amply supports the finding by the court that, "The home of Respondents is a proper home for Sherry Leann Cravens," and, "It would be to the best interest of Sherry Leann Cravens that her care and custody remain in Respondents, Clarence Eisenbach and wife, Elizabeth Eisenbach." From examination of the record as a whole, we find that the trial court did not abuse its discretion in determining the best interests of the child and in awarding custody, in accord with this determination, to respondents below, with the right of visitations in petitioner below.

The judgment of the trial court is affirmed.

Affirmed.