**BECKHAM DEVELOPMENT CO.,**
**Appellant,**

v.

**BRUCE CLARK & ASSOCIATES, Appellee.**

**No. 18046.**

Court of Civil Appeals of Texas,
Dallas.

March 8, 1973.

Ken R. Davey, Davey & Davis, Inc., Dallas, for appellant.

George H. McCleskey, Boyd, Veigel & Gay, Inc., McKinney, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Venue action. Bruce Clark & Associates sued Beckham Development Company, a corporation, in the District Court of Collin County, Texas seeking to recover a judgment for work, labor and services performed as the result of alleged oral contracts between the parties. Beckham Development Company filed its plea of privilege to be sued in Dallas County. Bruce Clark & Associates filed a controverting plea, adopting the original petition, and alleging that the work, labor and services

performed by them for the corporation were done at the instance of the corporation in Collin County so that the provisions of subdivision 23 of article 1995, Vernon's Tex.Rev.Civ.Stat.Ann., would justify the maintenance of the case in that county. The trial court, sitting without a jury, overruled the plea of privilege. This appeal is from that ruling.

The primary question presented to us is whether the trial court erred in refusing to permit counsel for Beckham Development Company to cross-examine Bruce A. Clark, the only witness offered by the plaintiff in opposition to the plea of privilege, concerning the facts surrounding the actual making of the contract or contracts sued upon in this case. On direct examination Mr. Clark was permitted to testify that on several occasions Beckham Development Company "hired" Bruce Clark & Associates to do some work for Beckham in Collin County. Clark testified that he and his associates were "called in by Brown, Moore & Brown, an architectural firm in Dallas, to prepare a feasibility study of property that was owned by Mrs. Beckham." This work was done and paid for. Later, in the same office of Brown, Moore & Brown in Dallas, Texas, he testified that the principal owners of Beckham Development Company instructed them to proceed with a survey in Collin County.

Clark testified that his people did proceed to make the survey but had not been paid for the work. Clark also testified that his company made a third agreement with Beckham, the same being made in the same office in Dallas. At that time he said that Beckham representatives "retained me to represent them before the City of Plano Planning Commission at City Council to re-zone the 101-acre tract of ground." He said that, based upon that meeting, he proceeded to do the work for Beckham by appearing before the Plano Planning Department and the Board of Zoning on two occasions. His company has not been paid for that service.

On cross-examination Mr. Clark testified:

"Q First time you met the officers of this company, you were engaged by Brown, Moore & Brown, were you not?

A Yes.

Q Was it Mr. Joe Hall Brown that hired you?

MR. McCLESKEY: Your Honor, we object to this. This is immaterial to the plea of privilege hearing. As I understand the law, all I have to do is put on a prima facie case, and I fail to see how this affects that in any way.

MR. DAVEY: It goes to the very heart of the problem. This man has no agreement with Beckham Development Company and never did have.

THE COURT: I think you're going into the merits of the case now.

MR. DAVEY: I have the right, your Honor, to show that the contract Beckham Development Company entered into on each transaction was Brown, Moore & Brown."

The court sustained the objection and prevented Mr. Davey, counsel for appellant, to further pursue any questions concerning the relationship of Clark & Associates with Brown, Moore & Brown with reference to doing the work in Collin County.

Again, on further cross-examination, attorney Davey, representing appellant, attempted to ask the witness if it was not really Brown, Moore & Brown, the present owner of the land in Collin County, that really requested the work to be done. The court again sustained an objection to any answer being given stating that such inquiry "goes to the merits of the case." Mr. Davey stated to the court that the matters he sought to develop "go to the very heart of whether or not a contract existed, whether or not services were performed for this defendant * * *." The court persisted in his ruling and would not

permit further development on the issue of who made the contract. The court stated:

"You will have ample opportunity to develop these matters before a court, or before a jury, at some future date. The only thing this Court is concerned with is whether or not labor was performed and whether or not it was performed in Collin County. And apparently your client is a corporation, I haven't heard anyone deny that. Do you have anything further?

MR. DAVEY: I understand the Court is telling me that the matter of who the contracts were with is something that I'm not supposed to go into?

THE COURT: These are defensive matters. You will have ample opportunity before a proper forum at some date in the future to develop your defensive matters."

Subdivision 23 of art. 1995, Tex.Rev. Civ.Stat.Ann., provides that suits against a private corporation, association or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose. Thus, in order to overcome the plea of privilege filed by Beckham, Bruce Clark & Associates were required to plead and prove (1) that Beckham is a private corporation; (2) that Bruce Clark & Associates had a cause of action against Beckham; (3) that said cause of action or part thereof arose in Collin County, Texas. Appell Petroleum Corporation v. Townsend Lease Service, 375 S.W.2d 547 (Tex.Civ.App., Corpus Christi 1964).

█ As to the first requirement there was no denial under oath concerning the fact that Beckham is a corporation and it was therefore not necessary for Bruce Clark & Associates to prove such fact. Houston Milling Co. v. Carlock, 183 S.W. 2d 1013 (Tex.Civ.App., Eastland 1944); and Rules 52 and 93(g) Tex.Rules of Civil Procedure.

█ This brings us to the question of whether Bruce Clark pled and proved that it had a contract with Beckham which had not been complied with and which gave rise to a cause of action. The very existence of the contract became a venue fact under subdivision 23. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Tex.Comm'n App.1941). It was incumbent upon Bruce Clark & Associates to sustain its burden to prove, by a preponderance of competent evidence, the existence of a valid contract between the parties. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935); Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S. W.2d 824 (1931); and Barnwell v. Fox & Jacobs Construction Co., 469 S.W.2d 199 (Tex.Civ.App., Dallas 1971). As stated by the Commission of Appeals in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941), the party opposing the plea of privilege must do more than establish a cause of action by raising a prima facie issue thereof. Such cause of action must be established by a preponderance of the evidence as in any other case. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939) and Compton v. Elliott,. 126 Tex. 232, 88 S.W. 2d 91 (1935).

Appellee, relying upon such cases as Tufts & Son v. Herider Farms, Inc., 461 S.W.2d 257 (Tex.Civ.App., Tyler 1970, and Josey Miller Co. v. Wilson, 384 S.W.2d 231 (Tex.Civ.App., San Antonio 1964), contends that the evidence as sought to be developed by appellant's attorney on cross-examination of Mr. Clark, involved the matter of affirmative defense to the contract which would not be an appropriate inquiry on the venue hearing. While the authorities relied upon by appellee are undoubtedly correct they have no application here for the simple reason that the attorney for appellant, in his statement to the court, clearly advises the court that his inquiry went to the vital issue, that is, whether a contract existed between the parties. This does not constitute an effort

to develop affirmative defense as contended by appellant. In fact appellee acknowledges this by stating in its brief: "There is a difference between developing evidence which negatives a cause of action and developing evidence to show the claim is subject to being defeated by affirmative defenses." Here appellant clearly and unequivocally stated to the court that he was attempting to develop evidence which would negative the cause of action, that is, the nonexistence of the contract or contracts sued upon.

The testimony sought to be developed by appellant's counsel would create what has been referred to by Professor Gus M. Hodges in his work on "Special Issue Submission in Texas" in Chapter III, § 15, as an "inferential-rebuttal issue." Such issues are denial issues in the sense that they disprove some element of the opponent's case or defense. We think that the situation presented by this appeal is a classic example of such an issue which goes to disprove the very basis of the appellee's cause of action against appellant. In the light of the authorities referred to above we think it quite evident that appellant's counsel should have been permitted to pursue his line of cross-examination in an effort to present evidence to the court disproving the existence of the very contract or contracts sued upon. The action of the trial court constitutes reversible error.

 Appellee seeks to avoid the effect of the court's action by taking the position that appellant failed to comply with Rule 372, Tex.R.Civ.P., in establishing by bill of exception what the answers or the witness would have been if permitted to answer. It is true that in some instances where the court's ruling excludes evidence the party complaining must prepare a bill of exception to show what the proffered evidence is or what the expected answer of the witness would have been. Texas & New Orleans R. Co. v. Jacks, 306 S.W.2d 790 (Tex.Civ.App., Beaumont 1957) and Shaver v. Shaver, 478 S.W.2d 871 (Tex.Civ. App., Waco 1972). However, there is a

well-defined exception to this rule as stated in 4 C.J.S. "Appeal and Error" § 291, p. 901, to the effect that the general rule requiring an offering of proof has been held not to apply where the testimony excluded was sought to be elicited on the cross-examination of an adverse witness. While there seems to be some conflict of authorities on this subject Texas has followed the general rule, as stated.

In Cunningham v. Austin & N. W. R. Co., 88 Tex. 534, 31 S.W. 629 (1895), the court said:

"The general rule is that, in order to entitle a party to a revision of the ruling of the lower court in refusing to allow him to propound a question to a witness, he must show what answer he expected to elicit, in order that the court may see that he has been deprived of legitimate evidence. This rule applies mainly to a case where a party is seeking to introduce original evidence, the nature of which he should be expected to know before he offers the same, and is not applicable to a case where the party is cross-examining the witness of his adversary, with whose knowledge of the case he is not supposed to be familiar. In this class of cases we think the better rule is that, if the question appears on its face to be calculated to elicit competent testimony, it is error to refuse the same, although counsel may not be able to state to the court the answer intended or expected to be elicited."

To the same effect see Hartford Accident & Indemnity Co. v. Harris, 138 S.W. 2d 277 (Tex.Civ.App., Eastland 1940) and Southwestern Chemical & G. Corporation v. Southeastern P. L. Company, 369 S.W. 2d 489 (Tex.Civ.App., Houston 1963).

Since the record has obviously not been fully developed in the trial court the judgment must be reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.