Billie Lois PACE, Appellant,

v.

Will A. CURTIS et ux., Appellees.

No. 832.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 13, 1973.

William B. Portis, Jr., Portis & Neblett, Houston, for appellant.

Thomas A. Blakeley, Jr., Grady, Johnson, Smith & Blakeley, Dallas, for appellees.

TUNKS, Chief Justice.

This is a child custody case. Will and Helen Curtis filed suit in the District Court of Brazos County against Billie Lois Pace. The suit was in the form of a habeas corpus proceeding. The child involved is named Billy Frank Pace. Billie Lois Pace is the natural mother of the child. The trial court rendered judgment awarding custody to Will and Helen Curtis. No findings of fact or conclusions of law were requested or filed. Mrs. Pace appealed.

Billy Frank Pace was born February 10, 1965. He was prematurely born and remained in the hospital for about two months. A day or two after he was taken from the hospital his mother placed him in the custody of Helen Curtis. He lived with appellees in their home continuously until May 14, 1972, a period of over seven years. During that seven year period the mother did not make any significant contribution to his support. She rarely visited him and he spent only one night with her.

The appellees lived on a small farm near Hearne, Texas. On May 14, 1972, a pipeline crossing the farm exploded. An elderly man living in the Curtis home was killed. Will Curtis and Billy were burned. Billy's burns were so severe that it was necessary that he be taken to a hospital in Galveston for treatment. Helen Curtis was unable to take him there because it was necessary that she care for the injured Will Curtis and there were other elderly people living in the home. For that reason she asked the mother to take the child to the hospital. The mother remained in Galveston until the child was released in August of 1972. She refused to return custody to Will and Helen Curtis and refused to permit them to visit him.

A few days after the child was injured the mother filed suit, for herself and as next friend of the child, in the federal district court in Houston seeking recovery of $18,000,000 as damages resulting from the pipeline explosion. Thereafter Will and Helen Curtis filed a similar suit in the state district court in Dallas seeking recovery of more than $700,000. The mother has filed suit seeking recovery of damages from Will and Helen or their attorney on the theory that their suing for such a small amount damaged the child's chance of a large recovery in the federal court case. The lawyers representing the parties in the damage suits also represent them in this case.

The gist of appellant's attack on the trial court's judgment is that there was no evidence to support an award of custody to appellees and that the trial court abused his discretion in that regard. We overrule these contentions and affirm the judgment of the trial court.

■ Appellant contends that there is a presumption that the best interest of a child will be served by leaving it in the custody of the natural parent and that for an outsider to obtain custody it must be shown that the child is dependent and neglected or that the natural parent is unfit. Although this contention is substantially correct, there is a well recognized exception to this rule. That exception is to the effect that if a parent voluntarily transfers custody of a child to another and then seeks to recover that custody by way of habeas corpus, a court will not grant relief unless, upon a hearing of all the facts, it is of the opinion that the best interests of the child would be promoted thereby. Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup. 1966); Cravens v. Eisenbach, 487 S.W.2d 254 (Tex.Civ.App.-Austin 1972, no writ). Although in this case the writ was sought

by the foster parents rather than the natural mother (the reverse of the typical situation), we think that under the facts of this case, the exception is applicable.

■ The statement of facts filed in this Court indicates that appellant was, at the time of trial, a thirty-three year old widow. She testified that she is the mother of six other children besides the child involved in this proceeding. One of the six other children has lived with an aunt for several years. The other five children live with appellant. Appellant testified that she is unemployed and receives aid for dependent children as her only source of income. She related that she had, at some time in the past, been hospitalized in the Austin State Hospital for "nerve problems."

Appellee Helen Curtis testified that she was, at the time of trial, fifty-six years old. Her husband, Will Curtis was sixty-nine years old. Mr. Curtis is unable to work but receives pension benefits from two sources. Mrs. Curtis does domestic work and cares for the aged. Mrs. Curtis owns real property as well as some livestock. Two of Mrs. Curtis' elderly aunts live in the Curtis' home and Mrs. Curtis receives payment from the state for their care.

The trial judge requested the State Department of Public Welfare to make an investigation of the homes of the parties. This apparently was done with at least the tacit consent of the parties. A copy of the report of that investigation is in this record.

This case is analogous to Herrera v. Herrera, supra. Appellant's reliance on Prock v. Morgan, 291 S.W.2d 489 (Tex. Civ.App.-San Antonio 1956, no writ) is misplaced. In that case there was no long established family relationship between foster parent and child as here.

No abuse of discretion is shown and the judgment of the trial court is affirmed.