**Alice AVILA, Appellant,**

v.

**Byron D. HILL and wife, Martha Hill, Appellees.**

**No. 8357.**

Court of Civil Appeals of Texas, Amarillo.

July 2, 1973.

Norman R. Bennett, Lubbock, for appellant.

Law Office of Byron Chappell, John R. McFall, Lubbock, for appellees.

JOY, Justice.

Appellees, Byron D. and Martha Hill, brought this action, an application for a writ of habeas corpus and a restraining or-

der against Alma Guerrero, Alice Avila, and others, seeking custody of a minor child, Teresa Avila, age seven. From an order granting appellees the custody of said minor, appellant Alice Avila has prosecuted this appeal. Affirmed.

A review of the record indicates appellant Alice Avila is the natural mother of the minor child in question. This child, Teresa Avila, was born on March 27, 1965, and is the youngest of four children of Alice Avila. The parties to this action stipulated the child was legally adopted by her natural grandmother, Mrs. Broulia Avila, in 1969. Alice Avila testified her father, Mrs. Broulia Avila's husband, had died in 1968, and to enable Broulia Avila to be eligible to receive a pension from the Railroad Retirement Board, Alice Avila voluntarily consented for her mother to legally adopt the child. The validity of this adoption is not questioned. The child lived with Broulia Avila until the latter's death in May of 1972, except for a period of a year and a half immediately prior to Mrs. Avila's death, when the child was living with the natural mother's youngest sister. Included in Broulia Avila's will was a proviso which requested that appellees take custody of Teresa. The record further reflects that Broulia attended church with the appellees over a period of several years, and visited in the home numerous times with appellees. The minor child was also a member of the church and attended regularly with her adopted mother. Upon Broulia's death, her will was probated and appellees attempted to gain custody of the minor child. The aunt of the minor, Alma Guerrero, refused to relinquish custody to appellees and this action arose therefrom. Appellees are unrelated to the minor child. At the time of trial, the natural mother was unmarried, but had been married on three prior occasions.

The judgment of the trial court made certain findings, among which was a finding that appellees were fit and proper persons to have the custody of the minor child and this was in the best interests of the child.

Appellant raises the single point here that the natural mother had a paramount legal right to the custody as opposed to outside third parties. Appellant relies primarily upon Luman v. Luman, 231 S.W.2d 555 (Tex.Civ.App.—Texarkana 1950, no writ) and Thompson v. Doyal, 209 S.W.2d 425 (Tex.Civ.App.—Austin 1948, writ ref'd n.r.e.). Luman did not involve a minor that had been adopted out, as we have here, but the custody of two minor children in that case was awarded to grandparents over the natural father. The court pointed out that the trial court exercises broad equitable powers in respect to custody matters and has the duty to determine how the best interests of minors would be served. In Thompson v. Doyal, supra, the court recites that neither the natural parent nor the grandfather had any paramount claim to the custody of the children, and the trial court was free to consider the natural relationships of the children in determining the fitness of the parties and the welfare of the minors. Upon appellate review, it is necessary that it be shown that the trial court clearly abused its discretion before a child custody order will be reversed. Herrera v. Herrera, 409 S.W.2d 395 (Tex.1966). While a natural parent usually has a paramount right to custody of a minor child, the court may award custody to some person other than a parent if such a disposition is in the best interests of the child. 20 Tex.Jur.2d Divorce and Separation § 332, p. 661, and cases collated there. From a complete review of this record, we do not find that the trial court abused its discretion.

The judgment of the trial court is affirmed.

REYNOLDS, Justice (concurring).

I concur in the affirmance expressed by, but for reasons different from those stated in, the majority opinion. It is my view

that the statement of facts entertained by the majority is not properly before the court for consideration; therefore, sans a statement of facts, the evidential point of error relied on by appellant cannot be considered, and affirmance of the judgment follows from the unchallenged presumption that it is supported by sufficient evidence. Lane v. Fair Stores, 150 Tex. 566, 243 S. W.2d 683 (1951).

Appellant timely filed the transcript, invoking this court's appellate jurisdiction. Within the definitive time allowed by Rule 386, Texas Rules of Civil Procedure, the statement of facts was required to be filed on or before December 11, 1972, absent a timely requested extension of time being granted for good cause shown why the instrument could not be timely filed. A verified motion for extension of time for the filing of the statement of facts, accompanied by opposing counsel's concurrence, was received on December 18, 1972. In essence, the motion offered as the good cause why the record could not be timely filed the explanation that the parties attempted to concur on an agreed statement of facts, that appellant's counsel thought such agreement was possible, and that on December 8, 1972, the court reporter said he could transcribe the statement of facts if a three weeks extension was granted, and that opposing counsel agreed to the extension. The requested three weeks extension was granted over this writer's dissent.

In considering the facts existent at the time the motion was tendered and considered, the motion only shows why the statement of facts was not filed and falls far short of showing why it could not have been timely filed. At the time the motion was received, sixty-seven days after judgment was entered and seven days after the statement of facts was required to be filed absent an extension of time, the statement of facts had not even been ordered. The only reason given for delay in ordering the document was that the parties thought an accord could be reached on an agreed statement of facts; yet, the motion gives no data to reflect either due diligence in pursuit of an agreement on the instrument or when it became evident that an agreement was not possible. In short, there is a complete lack of factual recitation for this court to intelligently determine existent good cause. At most, the motion simply explains why the statement of facts was not filed timely; it utterly fails to show good cause why, as required by Rule 386, T.R.C.P., it could not have been filed on time.

Rule 377(a), T.R.C.P., inferentially requires appellant to promptly request preparation of the statement of facts which, as reflected on the face of the motion, appellant obviously did not do. The inordinate delay in requesting the record negatives a good cause showing. See Lyda/Lott v. Stressteel Corporation, 469 S.W.2d 321 (Tex.Civ.App.—San Antonio 1971, writ dism'd), for a partial list of cases decreeing that a delay of 47 to 60 days before the record was ordered defeated a showing of good cause. Here, the statement of facts was not ordered until after more than 60 days had elapsed from entry of judgment.

The fact that opposing counsel concurred in the extension of time requested does not alter the situation. The provisions of Rule 386, T.R.C.P., are mandatory and jurisdictional, Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952), and jurisdiction may be neither created by agreement of the parties, Smith v. Crouch, 323 S.W.2d 73 (Tex.Civ.App.—El Paso 1959, writ dism'd), nor conferred by consent to the filing of a late record. Zemke v. Stevens, 494 S.W.2d 227 (Tex.Civ.App.—Eastland 1973, no writ).

Thus, the motion in failing to show good cause why the statement of facts could not be filed timely deprived this court of jurisdiction over the statement of facts. The order of this court granting the extension of time for filing was without authority

and was not only clearly wrong, but it was wrong clearly. The extension of time being unauthorized, the court should now rescind its order and consider the appeal without reference to the statement of facts. Green v. Davis, 451 S.W.2d 579 (Tex.Civ. App.—Fort Worth 1970, no writ).

In the absence of a statement of facts, it must be presumed that sufficient evidence was introduced to support the judgment of the trial court. Lane v. Fair Stores, supra. It is on this fundamental principle that I would affirm the judgment of the trial court.