**Luis M. DE LA HOYA, Appellant,**

v.

**Magdalena SALDIVAR, Appellee.**

No. 6385.

Court of Civil Appeals of Texas, El Paso.

July 17, 1974.

Rehearing Denied Sept. 11, 1974.

Richard Yetter & Associates, Richard Yeter, Stanley M. Serwatka, El Paso, for appellant.

George N. Rodriguez, Jr., El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case involves the custody of three minor children. The Appellant, who is the natural father of the children, filed a habeas corpus proceeding in the Court of Domestic Relations seeking to obtain custody of Michael Louis De La Hoya, age nine, and his twin sisters, Sandra Lynn De La Hoya and Cynthia Lynn De La Hoya, age seven, form the Appellee, the unmarried maternal aunt of the children. The trial Court, sitting without a jury, awarded custody of the children to Appellee and gave Appellant regular weekly visitation rights. We affirm.

This case arises from most unfortunate circumstances. The Appellant's wife and the natural mother of the three named children died on December 14, 1965, after a sudden and brief illness. At the time, Michael was two years old and the twin girls, one year old. The Appellant was immediately faced with a most difficult task of trying to raise three small children, while working long hours to support himself and his family and pay off substantial debts. He concluded, and apparently wisely so, that it would be to the best interest of the family to keep the children together

and to have them raised by his wife's sister, the Appellee, who had been around the children many times prior to their mother's untimely death. This plan worked well for several years, and the aunt raised the children in her home where she lived with her mother and an unmarried brother. During this time, the Appellant visited the children regularly and helped contribute to their support and provided for their medical care. About two years prior to the hearing in the trial Court, Appellant changed his religious affiliation to a different church and since that time has experienced a desire to have the children come and live with him. He has also felt some animosity from the children and his in-laws as a result of his change in religious beliefs. This climaxed in the present suit for custody of the children.

■ Upon trial of the case, the trial Court properly placed the burden of proof upon Appellee who called fifteen witnesses, including neighbors, school teachers, and a clinical psychologist. Their testimony gave support to the trial Court's finding that the best interest of the children required that they remain with their aunt. The evidence presented by the Appellant supports the trial Court's finding that he was a fit and proper person to have custody of the children and that he was entitled to the visitation rights set forth in the order.

■ The Appellant by his first point of error complains that the trial Court erred in not permitting Cynthia Lynn De La Hoya to testify. After both sides had rested their respective cases, the Court asked if each side was ready to close. Counsel for Appellee stated that the three children were available for the Court's interrogation. In chambers, before counsel and the reporter, the Court and attorneys questioned Michael De La Hoya. They then began to interrogate Sandra De La Hoya. Many questions to this young child were unanswered. Finally, the Judge stopped the questioning and announced that he would not allow any further questions and would not permit any questions of Cynthia Lynn. Appellant's counsel took exception to the Court's ruling. Both sides then closed. There is no bill of exception to show what the testimony of such child would have been, and no request was made to perfect such a bill. The testimony of the other two children supports the judgment of the trial Court and indicates that it was the preference of these two minors to remain with their aunt. Both had developed an animosity toward their father's new religious belief and preferred to continue to live with their aunt. There is no way to know if Cynthia's testimony would have been different. There is no way to determine that the exclusion of such evidence was reversible error. Otto v. Otto, 438 S.W.2d 587 (Tex.Civ.App.— San Antonio 1969, no writ). The first point of error is overruled.

Appellant next contends that the trial Court erred in not granting custody of the three children to Appellant, after finding that he was a fit and proper person to have such custody, when he had not voluntarily relinquished the care, custody and control of these children. Basically, he argues that where a parent and another person both seek custody, that if the parent is a fit and proper person, the Court must, as a matter of law, award custody to the parent. Such is not the rule in this State. In Duckworth v. Thompson, 37 S.W.2d 731 (Tex. Comm'n App. 1931), the Court pointed out that the natural parent is entitled to custody of a child unless it appears by satisfactory evidence the child's best interests demand that such parent should be deprived of that custody, and upon the person asserting such fact devolves the burden of proof. The Court, following its earlier opinion in Legate v. Legate, 87 Tex. 248, 28 S.W. 281 (1894), said that the interest of the child is the paramount question to be determined. The Court specifically noted that the rule had never been modified to make the natural parent's right to the custody of his child absolute

unless a positive disqualification be established by the foster parent.

These rules were stated again in Herrera v. Herrera, 409 S.W.2d 395 (Tex. Sup.1966), where the Court said:

"The legal custody of a minor is in the parents or the surviving parent, *unless* there has been a court adjudication awarding the legal custody to a third party. Of course, a court, under certain circumstances such as the voluntary surrender of possession of the child to another coupled with continuance of such possession for a substantial period of time, may terminate the custody rights of the parent when it is in the best interest of the child to do so. Knollhoff v. Norris, supra [152 Tex. 231, 256 S.W.2d 79]; Legate v. Legate, supra; Hendricks v. Curry, supra [401 S.W.2d 796 (Tex.)]; Duckworth v. Thompson (Comm'n App.), 37 S.W.2d 731 (1931), for an excellent discussion of this problem.

"There is a presumption that the interests of a minor are best served by award of its custody to its natural parents. The burden of proof upon the issue of the best interest of the child is upon the one seeking to deprive the natural parents of custody. Gunn v. Cavanaugh, Tex.Sup., 391 S.W.2d 723, 726 (1965); Mumma v. Aguirre, supra [364 S.W.2d 220 (Tex.)]; Taylor v. Meek, 154 Tex. 305, 306, 276 S.W.2d 787, 789 (1955).

"The trial court's judgment in determining the best interests of the child and in awarding its custody in accordance with this determination 'should be reversed only when it appears from the record as a whole that he has abused the discretion entrusted to him.' Mumma v. Aguirre, supra; DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, 694–695 (1944); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 791 (1955)."

█ Unlike the parent in the Herrera case, the parent in this case, Mr. De La Hoya, has continually visited his children and provided for their support. But a mother relationship with Appellee for practically all of the early development years of these children was a vital consideration in the trial Court's determination as to the best interest of these young children. The trial Court was not required to grant custody to the father as a matter of law upon finding him to be a fit and proper person to have custody. This is particularly true in a habeas corpus proceeding where the natural parent has permitted another person to raise the child from infancy. Pace v. Curtis, 496 S.W.2d 931 (Tex. Civ.App.—Houston (14th Dist.) 1973, no writ); Avila v. Hill, 497 S.W.2d 541 (Tex.Civ.App.—Amarillo 1973, no writ). We find no abuse of discretion upon the part of the trial Court in awarding custody to Appellee. The second point is overruled.

█ The Appellant's last two points of error contend that there is insufficient evidence and no evidence to prove that the best interest of the minor children would be served by granting custody to Appellee. These points are determined within the required rules concerning these points and the no evidence point will be determined first. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960). We must review the evidence in its most favorable light in support of the trial Court's findings, considering only the evidence and inferences which support the findings and reject the evidence and the inferences which are contrary to those findings. Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359 (1957). Such evidence includes the testimony of the Appellee, the twenty-eight year old unmarried aunt of the children, as to her love and devotion to these three children. The testimony discloses that she has been a loving and devoted "mother" to the children who refer to her as their mother. She has provided for their physical, mental and spiritual growth in a good home. Appellant's sister,

who is a registered nurse and mother herself, testified the children were being raised in a nice home, that the children would continue to be happy if left there, and she thought it would hurt the children to take them away from the mother influence being provided by Appellee. The neighbors, the children's teachers in public school and the clinical psychologist all offered testimony to support the judgment of the trial Court. The "no evidence" point of error is overruled.

In passing on the "insufficient evidence" point of error, we consider the entire record and all evidence before the trial Court. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). The evidence, including testimony from the Appellant and some of his friends and neighbors, establishes without dispute the father's love for his children and his interest in their well-being. He has continually provided for their support and now pays $90.00 every two weeks to Appellee. He has provided for other material needs, including the payment for a car for Appellee to take the children to school. He has continually visited the children, taken them to shows and on picnics, and just recently purchased a four-bedroom home in order to adequately provide for their needs. Such evidence clearly supports the trial Court's finding that Appellant is a fit and proper person to have custody of the children. But it does not cause us to find and conclude that there is insufficient evidence to support the trial court's decision that it would be in the best interest of the minor children for Appellee to have the care, custody and control of said children. The "insufficient evidence" point of error is overruled.

The judgment of the trial Court is affirmed.

## ON MOTION FOR REHEARING

■ Appellant, in his motion for rehearing, states that this Court erred in overruling his first point of error because there is no necessity to offer a bill of exception to show what the testimony would have been where a party is cross-examining an adverse witness. See Beckham Development Co. v. Bruce Clark & Associates, 492 S.W.2d 287 (Tex.Civ.App.—Dallas 1973, no writ). But in our case there is no showing that Appellant's own child was an adverse witness. As noted in our original opinion, both sides had rested their respective cases when the trial Court decided to interrogate the children in chambers. These children were not called as witnesses by Appellee and there was no showing that they were adverse witnesses even though their testimony was not favorable to Appellant. And as to Cynthia Lynn De La Hoya, no questions were ever asked. Thus there was no showing what questions counsel would have asked, much less what the answers would have been.

■ Also, Appellant still insists that where a parent is a fit and proper person to have the custody, and has not voluntarily surrendered care, custody and control of his children, he is entitled to their care, custody and control as a matter of law. This is not so. In Tiller v. Villasenor, 426 S.W.2d 257 (Tex.Civ.App.—Houston (1st Dist.) 1968, no writ), the Court, at page 258, said:

"The trial court may award custody of the children to someone other than the surviving parent even though such parent is not unfit. This exact point was decided by the Texas Supreme Court in Herrera v. Herrera, Tex., 409 S.W.2d 395 (1966). The rule is stated in Taylor v. Taylor, 42 S.W.2d 455 (Tex.Civ.App., 1931, no writ hist.):

'The presumption is that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the respondents prove that the natural parent is disqualified by immorality or misfortune.'

When this rule was earlier announced in Dunn v. Jackson, 231 S.W. 351 (Tex.

Com.App., 1921, opinion adopted), its application was to a family in which the father had voluntarily surrendered custody of an infant two weeks old to her maternal grandmother; *but the rule is also applied where there has been neither a voluntary relinquishment nor an abandonment of custody.* Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955); Ham v. Cavette, 357 S.W.2d 438 (Tex. Civ.App., 1962, writ ref., n. r. e.); Taylor v. Taylor, supra." (Emphasis added)

The Appellant's motion for rehearing is overruled.