**Jose Fidel GUAJARDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–98–431–CR, 13–98–432–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 25, 2000.

Rehearing Overruled Aug. 10, 2000.

Charles Cecil Starcher, Robert Bujanos, Jr., Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Corpus Christi, for State.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

## OPINION

SEERDEN, Chief Justice.

Jose Fidel Guajardo, appellant, appeals from a conviction for possession of cocaine and an order revoking his community supervision. By two issues, Guajardo contends the trial court erred in denying: (1) his special plea of collateral estoppel, and (2) his Motion to Suppress Physical Evidence, because the findings of a prior court had determined that the evidence obtained

was inadmissable as the result of an illegal stop, search, and seizure. We affirm the order revoking community supervision and reverse and remand the conviction for possession of cocaine.

On February 11, 1998, at approximately 9:30 p.m., officers with the Corpus Christi Police Department spotted Guajardo's vehicle. Officer David Leal stated that he noticed that the license plate light on the vehicle might have been out, so he made a u-turn to further check. Upon reaching Guajardo's car again, Leal noticed that the light was indeed out and initiated a traffic stop. Before Guajardo stopped his car, Leal observed two small objects fly out of the passenger window of Guajardo's vehicle. After both vehicles had stopped, Leal's partner, Officer May, returned to the approximate point at which Guajardo was observed throwing the objects. May discovered a small plastic bag containing a white, powdery substance and a small, freshly burnt marijuana cigarette. Guajardo was charged with Unlawful Possession of Marijuana[1] in the County Court at Law Number Three of Nueces County, and with Unlawful Possession of Cocaine[2] in the 105th District Court of Nueces County.

On June 4, 1998, the County Court at Law Number 3 heard argument on Guajardo's motion to suppress the marijuana and granted the motion to suppress. The State subsequently dismissed the marijuana case. Guajardo then filed a similar motion to suppress in the district court cocaine prosecution. At a June 5, 1998, hearing, he also urged an oral motion for the application of collateral estoppel to the pending suppression of the seized cocaine. Without ruling on the oral motion, the court set a formal hearing on the motion to suppress for June 12,1998. At that hearing, Guajardo again presented an oral motion for the application of collateral estoppel. After hearing argument from both sides, the district court denied both the motion for application of collateral estoppel and the motion to suppress. On August 10, 1998, Guajardo pleaded no contest to the cocaine charge and signed a judicial confession and stipulation to evidence. He now appeals the trial court's rulings on the motions.

■ By his first issue, Guajardo contends that the trial court erred in denying his special plea of collateral estoppel because the findings of a prior court had determined that the evidence obtained was inadmissible. This issue requires an examination of an amorphous concept in criminal cases: collateral estoppel.

■ In general, the doctrine of collateral estoppel "means that when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot again be litigated between the same parties in any future lawsuits." *Ex parte Culver*, 932 S.W.2d 207, 212 (Tex.App.—El Paso 1996, pet. ref'd) (citing *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)). The court of criminal appeals has noted the distinction between collateral estoppel and double jeopardy:

> To state the distinction in more prosaic terms, the traditional bar of double jeopardy prohibits prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime.

*Tarver*, 725 S.W.2d at 198 (quoting *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex. Crim.App.1981)).[3] In *State v. Aguilar*, 947

---

1. Tex. Health & Safety Code Ann. § 481.121 (Vernon 1998).

2. Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 1998).

3. The court of criminal appeals has suggested that "the constitutional protections of collateral estoppel are coterminous with the Fifth Amendment's Double Jeopardy Clause." *Reynolds v. State*, 4 S.W.3d 13, 24 (Tex.Crim. App.1999) (Dissenting Opinion). However, the court has also recognized the potential for

S.W.2d 257, 259 (Tex.Crim.App.1997), the court listed the elements necessary to support collateral estoppel: (1). "there must be a 'full hearing' at which the parties had an opportunity to thoroughly and fairly litigate the relevant fact issue"; (2) "the fact issue must be the same in both proceedings"; (3) "the fact finder must have acted in a judicial capacity" in each of the proceedings. *Id.* at 259.

Here, the relevant fact issue was the validity of the stop and search which resulted in the seizure of narcotics. It is undisputed that the marijuana at issue in the county court at law and the cocaine at issue in the district court were seized at the same time as a fruit of the same search. It stands to reason that the fact issues surrounding the lawfulness of the search in one case will be the same in the other. Accordingly, we conclude that the fact issue in each case was the same.

The next question is whether or not the initial hearing in the county court at law was a "full hearing" on the relevant fact issue. The record reflects that the county court held a hearing on a motion to suppress marijuana found after Guajardo's vehicle was stopped. Both Guajardo and the State were represented at the hearing and the court heard argument from both sides. There is nothing in the record to indicate that the suppression hearing was truncated in any way. Moreover, if the State was dissatisfied with the result of the suppression hearing, it could have appealed that decision. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon 1999). In short, there is nothing in the record to indicate that the hearing was anything other than a "full hearing" on the suppression issue.

Finally, we are left to determine if the fact finder, here, Judge Marisela Saldana of County Court at Law Number Three, was acting in a judicial capacity. Courts examining this element have confined their analysis to distinguishing between administrative and judicial functions. *See Ex parte Serna,* 957 S.W.2d 598, 604 (Tex. App.—Fort Worth 1997, pet.refused); *State v. Aguilar,* 901 S.W.2d 740, 741–42 (Tex.App.—San Antonio 1995), *aff'd* 947 S.W.2d 257 (Tex.Crim.App.1997). Here, the record reflects that Judge Saldana, acting in her capacity as a trial court judge, made fact findings necessary to support the suppression of the marijuana. There was no administrative component to her actions in that context. Clearly, she was acting in a "judicial capacity" in making this determination.

We hold that Guajardo has shown the predicate elements for the employment of collateral estoppel in the district court prosecution. Accordingly, we hold the district court erred in denying Guajardo's special pleas of collateral estoppel. Because we cannot say that the imposition of collateral estoppel in this case will be dispositive of the issues before the district court, we must remand the cause to that court for further proceedings consistent with this opinion. *See Culver,* 932 S.W.2d at 212.

Because we have dealt with the suppression issue by our resolution of Guajardo's first issue, we need not consider the second issue. TEX. R. APP. P. 47.1.

■ In his brief, Guajardo also raises an argument regarding the sufficiency of the evidence to support the revocation of his probation by arguing that "if not for the illegal arrest ... Appellant would not have been arrested on a Motion to Revoke Community Supervision, nor would he have

common-law application of the doctrine of collateral estoppel beyond the double jeopardy context. *State v. Aguilar,* 947 S.W.2d 257, 259–60 (Tex.Crim.App.1997). This concept has been recognized by many of the courts of appeal as well. *See e.g., State v. Ayala,* 981 S.W.2d 474, 477 (Tex.App.—El Paso 1998, pet. ref'd); *Ex Parte Gregerman,* 974 S.W.2d 800, 803 (Tex.App.—Houston [14th Dist.] 1998, no pet.); *Ex Parte Serna,* 957 S.W.2d 598, 601–02 (Tex.App.—Fort Worth 1997, pet.refused); *Ex Parte Pipkin,* 935 S.W.2d 213, 215–16 (Tex.App.—Amarillo 1996, no pet.); *Manning v. State,* 870 S.W.2d 200, 203 (Tex.App.—Eastland 1994, pet. ref'd).

been administered a urinalysis test while illegally incarcerated at the Nueces County Jail." In light of this statement, we will also review the sufficiency of the evidence to support revocation.

Guajardo was initially charged with the offense of unlawfully carrying a weapon. TEX. PENAL CODE ANN. § 46.02(a) (Vernon 1999). He pleaded guilty on April 6, 1994, and was sentenced to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a $1500 fine. The court suspended the imposition of the sentence and placed Guajardo on community supervision for five years. On June 11, 1998, the State filed a motion to revoke community supervision, alleging that Guajardo had violated five conditions of his community supervision, namely: (1) possession of cocaine; (2) possession of marijuana; (3) unlawful use of drugs, narcotics, or other controlled substances; (4) failure to pay the assessed fine; and (5) failure to pay monthly probation fee.[4]

A trial court is vested with discretion to revoke an individual's community supervision. *Herrera v. State*, 951 S.W.2d 197 (Tex.App.—Corpus Christi 1997, no pet.). Violation of a single condition of community supervision is sufficient to support a trial court's decision to revoke. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App.1980). After considering all the evidence, the court may revoke probation if the State proves such violations by a preponderance of the evidence. *Battle v. State*, 571 S.W.2d 20, 21 (Tex. Crim.App.1978). Standing alone, a plea of true is sufficient to support the trial court's order of revocation. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Rivera v. State*, 688 S.W.2d 659, 660 (Tex.App.—Corpus Christi 1985, no pet.).

Guajardo pled true to the two allegations involving his failure to pay his fine and probation fees. These pleas adequately support the trial court's determination that Guajardo violated at least one condition of his community supervision. Accordingly, the State has satisfied its burden.

The judgment of the trial court in cause number 13–98–432–CR (possession of cocaine) is REVERSED and REMANDED for further proceedings consistent with this opinion. The order of the trial court in cause number 13–98–431–CR (revoking community supervision) is AFFIRMED.

---

4. The State alleged multiple occurrences of several of the violations.