NUMBER 13-00-208-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


GARY MANNING, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 This is an appeal from the trial court's order revoking community
supervision. Gary Manning, appellant, was convicted of murder and
sentenced to ten years' confinement, but was placed on community
supervision for a period of five years. The State subsequently brought
a motion to revoke community supervision, alleging three violations of
the terms of appellant's community supervision: that he failed to report
to his community supervision officer as directed; that he failed to report
a change of residence; and that he failed to satisfy the requirements
imposed by a substance abuse aftercare program. Appellant pleaded
true to all of the allegations in the State's motion. After a hearing, the
trial court signed an order revoking community supervision. 

 At the hearing on the State's motion, appellant stated that he did
not report as required because of "the pressure of the trial at the time"
and because he had been "broken down" while in substance abuse
treatment. Appellant furthermore stated that he had been prescribed
an anti-depressant. In offering this testimony, appellant did not argue
that either his mental state or the prescription drug caused him to
violate the terms of his probation; rather, this evidence was offered in
an apparent attempt to mitigate the nature of the violations, expressly
in the hope that the court would not revoke his community supervision.

 A trial court is vested with discretion to revoke an individual's
community supervision. Guajardo v. State, 24 S.W.3d 423, 427 (Tex.
App.--Corpus Christi 2000, no pet. h.). Violation of a single condition
of community supervision is sufficient to support a trial court's decision
to revoke. Id. (citing Moore v. State, 605 S.W.2d 924, 925 (Tex. Crim.
App. 1980)). Standing alone, a plea of true is sufficient to support the
trial court's order of revocation. See Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. 1979); Guajardo, 924 S.W.2d at 427. 

 Appellant pleaded true to all three alleged violations. He presented
mitigating evidence, but at no point did appellant disavow his pleas of
true. These pleas adequately support the trial court's determination
that appellant violated at least one condition of his community
supervision. The trial court did not abuse its discretion in revoking
appellant's community supervision. 

 The order of the trial court is AFFIRMED.


 

 ROBERT J. SEERDEN, Chief
Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 28th day of December, 2000.