In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00111-CR


______________________________




TINA MARIE SEYMOUR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 23,457-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Tina Marie Seymour appeals the revocation of her community supervision. In June 1996,
she pled guilty to a series of theft by check offenses occurring in a single criminal episode. The
amounts taken aggregated to greater than or equal to $1,500.00 but less than $20,000.00, making the
offense a state jail felony. Tex. Pen. Code Ann. § 31.03(e)(4)(A) (Vernon Supp. 2003). The trial
court sentenced her to two years' confinement in a state jail facility, but suspended the imposition
of her sentence and placed her on five years' community supervision. In the ensuing five years, the
terms of Seymour's supervision were twice modified and the supervision period extended a total of
two years. 

 In January 2002, the State moved to have the trial court revoke Seymour's community
supervision, alleging she violated three of its terms. Seymour pled true to the State's allegations and
stipulated to its evidence. The trial court found the allegations true, revoked Seymour's community
supervision, and sentenced her to eighteen months' confinement in a state jail facility.

 On appeal, Seymour contends her eighteen-month sentence constitutes cruel and unusual
punishment in violation of her rights under the Eighth Amendment to the United States Constitution
and Article I, Section 13 of the Texas Constitution. See U.S. Const. amend. VIII; Tex. Const.
art. I, § 13. She also contends her sentence constitutes involuntary servitude in violation of her rights
under the Thirteenth Amendment to the United States Constitution. See U.S. Const. amend. XIII. 
Finally, she contends the trial court abused its discretion in revoking her community supervision.

 Seymour first contends her sentence constitutes cruel and unusual punishment. Her sentence
is within the statutory range for a state jail felony, i.e., between 180 days' and two years'
confinement. See Tex. Pen. Code Ann. § 12.35(a) (Vernon 1994).

 Texas courts have traditionally held that, as long as the punishment is within the range
prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. 
See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, in Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.), this Court recognized that a
prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart
from any consideration of whether the punishment assessed is within the range established by the
Legislature. See also Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.-Texarkana 2002, pet. ref'd);
Latham v. State, 20 S.W.3d 63, 68-69 (Tex. App.-Texarkana 2000, pet. ref'd).

 A court's proportionality analysis under both the Eighth Amendment to the United States
Constitution and Article 1, Section 13 of the Texas Constitution should be guided by (1) the gravity
of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the
same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem v. Helm, 463 U.S. 277, 292 (1983); Simmons v. State, 944 S.W.2d 11, 15
(Tex. App.-Tyler 1996, no pet.) (evaluating an appellant's Texas constitutional claim of cruel and
unusual punishment under the test outlined in Solem). Only if we infer that the sentence is grossly
disproportionate to the offense will we then consider the remaining factors of the Solem test and
compare the sentence received to sentences for similar crimes in the same jurisdiction and to
sentences for the same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.-Texarkana 1995, pet. ref'd).

 Seymour did not present this issue to the trial court; therefore, she did not preserve it for our
review. Tex. R. App. P. 33.1(a); Jackson, 989 S.W.2d at 844. Even if Seymour's contention had
been preserved, there is no evidence in the record comparing the sentences imposed on persons in
Texas with sentences imposed against defendants in other jurisdictions who committed a similar
offense. See Fluellen, 71 S.W.3d at 873; Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664-65.

 Seymour next contends the trial court violated her right to be free from involuntary servitude
by imposing a sentence that was based on facts outside the record. She contends the trial court
considered the two previous modifications of her community supervision as the basis for revoking
her community supervision in the present case. Even assuming a sentence based on improper
evidence would violate a defendant's rights under the Thirteenth Amendment, we read the record
differently than does Seymour.

 At the beginning of the revocation proceeding, the trial court recited the history of the case,
including Seymour's conviction, her placement on community supervision, the later modifications
of the terms of her supervision, and the extensions of the supervision period. The trial court may
take judicial notice in the absence of a request from a party, Tex. R. Evid. 201(c), and may be
presumed to have taken notice of its own files. See In re Estate of York, 934 S.W.2d 848, 851 (Tex.
App.-Corpus Christi 1996, no writ); Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.-Houston
[1st Dist.] 1993, writ denied); Lacy v. First Nat'l Bank, 809 S.W.2d 362, 367 (Tex. App.-Beaumont
1991, no writ). Therefore, the two previous modifications of community supervision were properly
before the trial court.

 Moreover, the record shows the trial court's decision to revoke Seymour's community
supervision was not based on the facts leading up to the two previous modifications. As mentioned
previously, Seymour pled true to the State's motion to revoke, which alleged that she failed to pay
her supervision fees for four months, that she failed to report to her supervision officer for two
months, and that she used marihuana. At the end of the revocation hearing, the trial court stated:

 The disturbing part is that this is not this Defendant's first rodeo so to speak. She has
twice come before the Court on non-compliance. And both times, the Court was
merciful, just as it was merciful the day that it gave her the benefit of probation in
1996. It's one thing to ignore the financial obligations. It is another thing to go out
and violate the laws of this state, which is exactly what she did when she used
marijuana. I cannot ignore that. I will not ignore that.


 Clearly the trial court did not consider the facts leading up to the two previous modifications
of Seymour's community supervision as factors in its decision to revoke her community supervision. 
It did consider Seymour's use of marihuana and the fact she had received several chances while on
community supervision, which were appropriate factors to consider.

 Seymour also contends the trial court abused its discretion in revoking her community
supervision. Her contention revolves around her testimony that she was unable to pay her
supervision fees in the months alleged in the State's motion to revoke. Yet Seymour pled true to the
allegation that she failed to pay her supervision fees. A plea of true, standing alone, is sufficient to
support a revocation order. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979);
Guajardo v. State, 24 S.W.3d 423, 426-27 (Tex. App.-Corpus Christi 2000, pet. granted). Even if
it were not, Seymour pled true to the State's other two allegations. Proof of a single violation is
sufficient to support revocation of community supervision. O'Neal v. State, 623 S.W.2d 660, 661
(Tex. Crim. App. 1981); Myers v. State, 780 S.W.2d 441, 445 (Tex. App.-Texarkana 1989, pet.
ref'd).

 The judgment is affirmed.



 Jack Carter

 Justice


Date Submitted: December 17, 2002

Date Decided: February 5, 2003


Do Not Publish